FOLSOM JACKSON O'MALLEY LLP
KENNETH P. NABITY (Bar No. 287927)
EMILY MCATEE (Bar No. 359005)
ESMERALDA MENDOZA (Bar No. 362617)
500 Capitol Mall, Suite 1550
Sacramento, CA  95814
Telephone:     (916) 661-5700
Facsimile:     (916) 661-5701
knabity@folsomjackson.com
emcatee@folsomjackson.com
emendoza@folsomjackson.com

Attorneys for Defendants
SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, and
CHENGDIAO FAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRO MOEN, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, CHENGDIAO FAN, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  5:25-cv-09145-NC<br><br>Assigned for all purposes to Magistrate Judge Nathanael M. Cousins<br><br>Complaint Filed: October 24, 2025<br>Trial Date: None Yet Set<br><br>**DEFENDANTS SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, AND CHENGDIAO FAN'S REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITIVE STATEMENT [FRCP 12(b)(6) AND FRCP 12(e)]**<br><br>**DATE:**         April 1, 2026<br>**TIME:**          11:00 a.m.<br>**LOCATION:**  Courtroom 5 |

1

## I.    INTRODUCTION

Plaintiff's Opposition to Defendants' Motion admits that his Second Amended Complaint fails to state any claim.  Plaintiff's fraud-related claims fail because Plaintiff fails to identify any actionable misrepresentation, and Plaintiff otherwise cannot establish loss causation.  Plaintiff's derivative unjust enrichment claim still fails to suggest that he is entitled to anything from Defendants.  Plaintiff does not even mention his Unfair Competition Law claim whatsoever, and thus that derivative claim fails, as well.  As to Plaintiff's breach of fiduciary duty claim, Plaintiff abandons his attempt to establish that the Terms of Service establish a contractual fiduciary duty, and again fails to identify argument or authority to support the existence of a fiduciary duty here.

Throughout the Opposition, Plaintiff appears to argue facts that do not exist in the Second Amended Complaint, but may exist in the improperly filed (and even more convoluted and uncertain) Third Amended Complaint. Consideration of those facts does not save Plaintiff; to the contrary, those facts only confirm that amendment is futile.

The Court should grant Defendants' Motion to Dismiss without leave to amend. In the alternative, Defendants request the Court order Plaintiff to file a more definite statement regarding all four causes of action.

## II.    PROCEDURAL BACKGROUND

As previously noted, this Court's January 15, 2026 Order granted Defendants' Motion to Dismiss, and required Plaintiff to file an amended complaint by February 5, 2026.  (ECF 29.) Plaintiff filed a First Amended Complaint on February 5, 2026.  (ECF 31.)  After Defendants' counsel alerted Plaintiff's counsel to certain hallucinations in that First Amended Complaint, Plaintiff unexpectedly filed a Second Amended Complaint on February 11, 2026.[1]  (ECF 32.)

To avoid unnecessary motion practice and expedite the anticipated dismissal of the action, Defendants then moved to dismiss the Second Amended Complaint on February 25, 2026.  (ECF 33.)  Defendants offered to stipulate to the filing of the Second Amended Complaint to streamline

---

[1] Defendants will provide a more fulsome explanation and supporting evidence in support of these assertions as part of their response to Plaintiff's Response to the Court's Order to Show Cause, which Plaintiff filed last night.  (ECF 41.)

DEFENDANTS' REPLY ISO MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT

this issue, and still believe that should be considered the operative pleading at this moment. Plaintiff opposed Defendant's motion to dismiss on March 11, 2026, and simultaneously filed a Third Amended Complaint in violation of Federal Rule of Civil Procedure 15.  (ECF 36, 37.) Defendants did not stipulate to Plaintiff's Third Amended Complaint and believe it only establishes that amendment is futile.

With this Reply, Defendants motion to dismiss the Second Amended Complaint will be fully briefed, and Defendants believe it is appropriate for the Court to rule on this motion.

### III.    LEGAL ARGUMENT

**A.    Plaintiff's Fraud-Related Claims Fail.**

**1.    All Fraud-Related Claims Fails Because Plaintiff Has Not Pled Facts With Sufficient Particularity.**

Consistent with the applicable law, this Court's Order required that Plaintiff provide "specific" and "additional" facts to meet the heightened pleading requirement for fraud claims. Plaintiff's Second Amended Complaint only compounded the shotgun-style approach through the addition of irrelevant and disconnected facts.  Plaintiff's Opposition, worse still, makes no serious effort to harmonize or explain what is happening.  Instead, Plaintiff employs a shotgun approach to argument, including by: citing two cases that relate only to Plaintiff's former securities-related claims (ECF 39 ¶ 20); citing to a California cryptocurrency law that admittedly is *not even in effect* and otherwise has no applicability to Plaintiff's claims (ECF 39 ¶ 21); and random summarization of irrelevant and incoherent allegations concerning alleged exchange offerings (ECF 39 ¶¶ 28-31).  Not one of these arguments has any applicability here, and Plaintiff has failed to plead so that "Defendants can reasonably be on notice."  (ECF 29 at 7.)

Further, Plaintiff has failed to establish a single misrepresentation, or that any alleged misrepresentation was false when made.  The core of Plaintiff's fraud claims still rest on an undisputably frivolous premise: that Defendants' alleged misrepresentations "were false when made because, from launch, the platform was centralized under Defendants' control through three validator nodes . . . ."  (ECF 32 (SAC) ¶ 16; *see also* ¶ 38 ("The 2019 whitepaper's 'decentralized governance' claim" was "false, as three validator nodes controlled all transactions").)  In its

3

Motion, Defendants presented the actual Whitepaper wherein Defendants disclose (from 2019, prior to Plaintiff's conduct) that Pi would operate its own validator nodes.[2]  Plaintiff does not seriously address this development, instead pivoting to a suggestion that there was a "clear implication" that *other* validator nodes "would be established before mainnet launched."  (ECF 39 ¶ 26.)  Plaintiff's sprint *away* from the allegations in his Second Amended Complaint speaks volumes about the futility of his claims.

Similar fatal deficiencies are alleged by Plaintiff to show intent, justifiable reliance, and actual harm.  Plaintiff's Opposition largely repeats the Second Amended Complaint's allegations in shotgun fashion without addressing the shortfalls outlined in the Motion to Dismiss.  Plaintiff does not provide any facts demonstrating his reliance on the alleged misrepresentation, leaving Defendants to guess how such reliance might have been justified.

### 2.      All Fraud-Related Claims Fails Because Cannot Establish Loss Causation.

Plaintiff's fraud-related claims also fail because Plaintiff cannot establish loss causation.  Plaintiff concedes that he must demonstrate that his losses were "caused by [Defendants'] *misrepresentations*, rather than some intervening event."  (ECF 33 (Mot.) at 11, citing *Lloyed v. CVB Fin Corp.*, 811 F.3d 1200, 1209 (9th Cir. 2016) (emphasis added).)  Plaintiff does not and cannot connect the alleged unauthorized transfer of his tokens to any of his identified misrepresentations.  Indeed, Plaintiff does not even mention the word "misrepresentation" or discuss Defendants' alleged misrepresentations about decentralization or token utility in over three pages of argument on the issue.  (*See* ECF 39 at PDF pp. 15-19.)

Rather, Plaintiff only, and erroneously, argues that there was no intervening event because the transfer "was executed using Defendants' own infrastructure."  (*Id*.)  In support of this irrelevant point, Plaintiff cites to a series of negligence cases, which perhaps not surprisingly only underscore that Plaintiff cannot establish causation under any theory.

Plaintiff's allegations and arguments on Opposition make clear that his fraud-related claims fail as a matter of law for failure to establish loss causation.  Based on Plaintiff's own

---

[2] As of the time of the filing of this Reply, Plaintiff has not opposed Defendants' Request for Judicial Notice of Pi's Whitepaper.

DEFENDANTS' REPLY ISO MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT

admissions, the Court can and should conclude that the claim fails as a matter of law and grant the motion without leave to amend.

### 3.  Plaintiff's Claim For Unjust Enrichment Fails.

Plaintiff's Opposition fails to coherently respond to Defendants' Motion.  Although Plaintiff recites general principles of unjust enrichment, he does not plead facts showing that Defendants received any benefit from him, or that he has a superior legal or equitable right to any benefit Defendants allegedly received from others.

Plaintiff does not dispute the fact he conferred no money, tokens, or property on Defendants.  Instead, his Opposition relies on a convoluted and legally irrelevant series of allegations concerning token sales to unknown parties and prior litigation (much of which is not in the Second Amended Complaint).  Where a benefit is provided by someone other than the plaintiff, restitution is available only if the plaintiff pleads facts establishing a superior legal or equitable right to the disputed assets. *City of Oakland v. Oakland Raiders*, 83 Cal. App. 5th 458, 479 (2022).  Plaintiff pleads no ownership interest, contractual entitlement, or priority right to any alleged sale proceeds.

Plaintiff's reliance on his own "mining efforts" fails, too.  Plaintiff's interaction with an app or contribution to network activity does not constitute a cognizable benefit conferred for restitution purposes, and Plaintiff cites no authority holding otherwise.  Plaintiff seems to theorize that every Pi user is entitled to an ownership interest.  That is ridiculous and legally unsupported.  Allegations that Defendants received a "windfall," or that Plaintiff believes Defendants acted unfairly, are insufficient as a matter of law. *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996).

Plaintiff cites no authority in support of his position.  *Astiana* and *Oakland Raiders* reaffirm that restitution requires a benefit conferred by the plaintiff or a superior entitlement to the benefit, neither of which is alleged here.  Plaintiff's loss from "unauthorized transfer" or illiquidity only describe purported harm to Plaintiff, not a benefit unjustly retained from him by Defendants.

Because Plaintiff's Opposition does not address the applicable law and fails to plead facts establishing entitlement to restitution, his unjust enrichment claim fails and should be dismissed.

DEFENDANTS' REPLY ISO MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT

**4.     Plaintiff's Claim for Violation of The Unfair Competition Law Fails**

Plaintiff's UCL claim fails.  Plaintiff's Opposition does not even reference the UCL, much less Plaintiff's UCL claim.  Plaintiff does not identify any independent conduct that would support the unlawful, unfair, or fraudulent prongs of the UCL apart from his other, failed claims.

Because Plaintiff has failed to state any predicate violation of law, his UCL claim fails as a matter of law and should be dismissed.

**B.     Plaintiff's Breach Of Fiduciary Duty Claim Fails Because Plaintiff Cannot Establish The Existence Of A Fiduciary Duty.**

Plaintiff's Opposition does not cure the fundamental defect in his fiduciary-duty claim: he fails to identify any cognizable fiduciary relationship.  Whether a fiduciary duty exists is a question of law, and Plaintiff cites no authority recognizing such a duty between a cryptocurrency platform and its users. *Hodes v. County of Placer*, 41 Cal. App. 5th 537, 546–47 (2019).  Without pleading the existence and scope of a fiduciary obligation, Plaintiff cannot establish duty, breach, or causation. *Van de Kamp v. Bank of Am.,* 204 Cal. App. 3d 819, 860 (1988).  As this Court noted in its Order dismissing this claim, Plaintiff had failed to attach the Terms of Service or provide relevant excerpts, or explain how Defendants owed any duties otherwise.  (ECF 29 at 8.)  As the Court further noted, *Bhatia v. Silvergate Bank*, 725 F. Supp. 3d 1079 (S.D. Cal. 2024), established the existence of a fiduciary relationship based on "contract, representations, and the confidential relationship between the exchange and its users." (*Id*.)

Plaintiff's Second Amended Complaint cannot establish the existence of a fiduciary duty via contract, representation, or confidential relationship, and his Opposition only confirms that.  As to a contractual fiduciary duty, Plaintiff promised that the previously unspecified Terms of Service establish a fiduciary duty.  His Opposition, however, appears to have completely abandoned that theory as he does not identify a single statement to support his position.  Instead, Plaintiff has flipped the analysis to suggest that the Terms of Service cannot "disclaim fiduciary duties that arise from the factual nature of the relationship."  (ECF 37 ¶ 73.)  Hence, Plaintiff has conceded that there is no *contractual* basis for a fiduciary relationship.

Plaintiff also fails to allege any other "factual" basis to support the existence of a fiduciary

DEFENDANTS' REPLY ISO MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT

duty here.  Plaintiff's Second Amended Complaint identifies no representations concerning the existence of a fiduciary duty, and Plaintiff's Opposition does not suggest otherwise.  Likewise, Plaintiff's Second Amended Complaint identifies no facts establishing the existence of a confidential relationship, and Plaintiff's Opposition does not suggest otherwise.

Plaintiff's assertion that Defendants owed duties of loyalty and care based on platform operation or alleged "control" over network infrastructure remains unsupported by any case law.  Courts have repeatedly rejected efforts to convert ordinary commercial or contractual relationships into fiduciary ones.  The traditional fiduciary relationships Plaintiff invokes, such as trustee-beneficiary or agent-principal, are not alleged here.  *See Wolf v. Superior Court*, 107 Cal. App. 4th 25, 30 (2003).  Even banks that hold and transfer customer funds do not owe fiduciary duties to depositors, underscoring the absence of any such duty here.  *See Kurtz-Ahlers, LLC v. Bank of Am., N.A.*, 48 Cal. App. 5th 952, 956 (2020).

Plaintiff cites no authority to support his baseless "control" argument.  Indeed, the majority of the authority are the same inapposite cases from Plaintiff's prior Opposition: *Herbert v. Lankershim*, 9 Cal. 2d 409 (1937), only generally discusses a jury instruction discussing a "confidential relation," and does not support extension of such a duty based on any theory of control.  *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 483 (1998), as modified on denial of reh'g (Jan. 6, 1999), only confirms that a broker owes a fiduciary duty to a trust's beneficiaries when that broker colludes with the trustee, to whom the broker indisputably owed a fiduciary duty.  Contrary to Plaintiff's argument, *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 541 (1998), only holds that a plaintiff's claims fail because banks have *no duty* "to police fiduciary accounts so as to prevent breaches of fiduciary duty."

Plaintiff identifies no case recognizing a fiduciary relationship between an app and its users based solely on platform operation or infrastructure control.  Nor does Plaintiff articulate any basis for extending a fiduciary duty over such relationships.  Plaintiff has confirmed that his breach of fiduciary duty claim fails and is incapable of amendment.

///

7

DEFENDANTS' REPLY ISO MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT

**C.    The Court Should Sustain Defendants' Motion to Dismiss Without Leave to Amend.**

Plaintiff does not set forth any facts or legal authority to support leave to amend. Courts may decline to grant leave to amend if amendment would be futile, including if there are "repeated failure to cure deficiencies by amendments previously allowed." *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013.)

Here, Plaintiff's claims fail as a matter of law, and thus there is no possibility that amendment could cure the fatal defects. Further, Plaintiff's improperly filed Third Amended Complaint contains no new facts or arguments that would change the analysis. To the contrary, Plaintiff's Third Amended Complaint only magnifies the underlying deficiencies through inclusion of myriad extraneous allegations, including hundreds of pages of extraneous documents that support nothing.

Because amendment would be futile, the Court should deny leave to amend.

### IV.    CONCLUSION

Defendants respectfully request that the Court grant its Motion to Dismiss without leave to amend, and dismiss the Complaint in its entirety.

DATED: March 18, 2026                    FOLSOM JACKSON O'MALLEY LLP


By: */s/* Kenneth P. Nabity
    KENNETH P. NABITY
    EMILY MCATEE
    ESMERALDA MENDOZA
    Attorneys for Defendants
    SOCIALCHAIN INC., PI COMMUNITY
    COMPANY, NICOLAS KOKKALIS, and
    CHENGDIAO FAN

DEFENDANTS' REPLY ISO MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITIVE STATEMENT