FOLSOM JACKSON O'MALLEY LLP
KENNETH P. NABITY (Bar No. 287927)
EMILY MCATEE (Bar No. 359005)
ESMERALDA MENDOZA (Bar No. 362617)
500 Capitol Mall, Suite 1550
Sacramento, CA  95814
Telephone:    (916) 661-5700
Facsimile:    (916) 661-5701
knabity@folsomjackson.com
emcatee@folsomjackson.com
emendoza@folsomjackson.com

Attorneys for Defendants
SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, and
CHENGDIAO FAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRO MOEN, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, CHENGDIAO FAN, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  5:25-cv-09145-NC<br><br>Assigned for all purposes to Magistrate Judge Nathanael M. Cousins<br><br>Complaint Filed: October 24, 2025<br>Trial Date: None Yet Set<br><br>**DEFENDANTS SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, AND CHENGDIAO FAN'S RESPONSE TO PLAINTIFF HARRO MOEN'S RESPONSE TO THE ORDER TO SHOW CAUSE** |

1

DEFENDANTS' RESPONSE TO PLAINTIFF HARRO MOEN'S RESPONSE TO THE
ORDER TO SHOW CAUSE

## DEFENDANTS' RESPONSE

Plaintiff's Response to this Court's Order to Show Cause is deeply concerning. Plaintiff's counsel states that the Second Amended Complaint (his third in this case) was "**Plaintiff's first good-faith attempt to meet the heightened pleading requirements**." (ECF 41 ¶ 4 (emphasis added).) Plaintiff's counsel makes no credible effort to justify his non-compliant filing of the Third Amended Complaint, but claims that the Third Amended Complaint "cures" each deficiency that Defendants' identified in its Motion to Dismiss the Second Amended Complaint – a motion that is still pending. These admissions follow a pattern of verifiably falsified facts, hallucinated authority, and fictional procedural history in virtually every filing. The prejudice here is not abstract: Defendants have been forced to expend significant time and resources to chase a perpetually moving target as Plaintiff shifts theories and rewrites the case with each unauthorized filing. The Court, too, has been compelled to expend judicial resources to police Plaintiff's counsel's procedural violations and is now being asked to cure irregularities that should never have occurred in the first place. Enough is enough.

Defendants have three responses to Plaintiff's Response. First, though Plaintiff filed the Second Amended Complaint in violation of Rule 15, Defendants offered to stipulate to it becoming the operative complaint to streamline its motion to dismiss. Plaintiff's counsel, for unknown reasons, has not responded to that proposal. Defendants' Motion to Dismiss the Second Amended Complaint is now fully briefed. Defendants propose that the Court not strike the Second Amended Complaint, and instead rule on Defendants' Motion.

Second, the Third Amended Complaint should never have been filed, and this Court should strike it. Plaintiff does not dispute that the filing violated FRCP Rule 15. Indeed, immediately after filing it, Plaintiff's counsel represented to Defendants' counsel, "The filing of the third amendment [sic] complaint was an error by my office due to a miscommunication." (Nabity Decl. Ex. F.) Plaintiff's counsel now argues that the Court should not thwart his ability to "achieve perfect compliance" in the Third Amended Complaint, while relying only on vague references to liberal amendment standards and disregarding the prejudice to Defendants, who have followed the rules and expended significant resources on its Motion to Dismiss. (ECF 41 ¶

2

5.)  If the Court takes Plaintiff's counsel at his word, then the Third Amended Complaint is as good as it gets for Plaintiff.  The Court can see that the Third Amended Complaint only magnifies the incomprehensible and rambling shotgun approach employed in every pleading, this time with dozens of extraneous documents attached thereto.  As such, Plaintiff's counsel has streamlined the Court's ability to grant Defendants' motion to dismiss the Second Amended Complaint without leave to amend, as the already previewed amendments still fail to state a claim.

Third, Plaintiff's Response continues a consistent pattern of incoherent and hallucinated assertions, many of which Plaintiff's counsel has already admitted through repetitive or contradictory filings.  The procedural history, including communications between counsel, are alarming.  This Court may deem it necessary to address Plaintiff's counsel's problematic conduct.  Among other options, the Court could issue an order for Plaintiff's counsel to show cause how his conduct has not violated FRCP Rule 11(b), and why sanctions or other disciplinary conduct should not follow. *See*, *e.g.*, *Oneto v. Watson*, 808 F. Supp. 3d 974, 980 (N.D. Cal. 2025) (ordering monetary and disciplinary sanctions for an attorneys' submission of fictitious citations); *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991) (Rule 11(b) requires that the attorney "read the document, [ ] conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive.")

The specifics concerning this conduct are more thoroughly documented in the accompanying Declaration of Kenneth Nabity, filed in support herewith, with a portion summarized here:

- Prior to filing the initial Complaint, Plaintiff's counsel sent a frivolous and extortionate demand letter.  Defendants' counsel put Plaintiff's counsel on notice about numerous legal and factual deficiencies with Plaintiff's potential claims.  Plaintiff's counsel appears to have done no further review prior to filing a Complaint containing those same deficiencies.  (Nabity Decl. ¶¶ 2-4 & Exs. A-C.)

- Plaintiff's First Amended Complaint contained a citation to a docket for a Northern District of California case where nothing substantive occurred, as well as what

DEFENDANTS' RESPONSE TO PLAINTIFF HARRO MOEN'S RESPONSE TO THE ORDER TO SHOW CAUSE

appeared to be quotes from Defendants' Terms of Service that simply do not exist. After Defendants' counsel challenged Plaintiff's counsel on these references, Plaintiff's counsel admitted that the case cite was error, admitted that the Terms of Service quotes were not provided "word for word," and filed a Second Amended Complaint without leave or written agreement. (Id. ¶¶ 10-13 & Ex. D.)

- After Defendants filed their Motion to Dismiss the Second Amended Complaint, Plaintiff filed an Opposition *and* a Third Amended Complaint in violation of FRCP Rule 15 *at the same time*. The Opposition argued that the Court should grant leave to amend because Plaintiff possessed additional evidence not in the SAC "**because prior counsel did not incorporate it**." Defendants' counsel challenged both issues again by email. Plaintiff's counsel confirmed that his "staff has clearly acted in error here," and that: "The filing of the third amendment [sic] complaint was an error by my office due to a miscommunication." Plaintiff then filed a *second* Opposition, filed as a Reply. (Id. ¶¶ 15-23 & Exs. E-F.)

- Plaintiff's Response to this Court's Order to Show Cause states that it is supported by a declaration, but no declaration was filed; admits that the Second Amended Complaint is "Plaintiff's first good-faith attempt to meet the heightened pleading requirements;" and references the existence of a "pending" motion for leave to amend, which includes an alleged chart, though there is no "pending" or "original motion," nor a chart.

Perhaps unsurprisingly, Plaintiff's counsel's issues do not appear unique to this matter. In the last *three weeks*, Plaintiff's counsel is facing sanctions in at least two other federal courts. Early this month, Magistrate Judge Karen S. Crawford of the Southern District of California sanctioned Mr. Tafur's firm for a litany of violations (even more of which appear on the face of the docket), and added: "**Bulldog Law and counsel are cautioned that future failures to comply with court orders or discovery obligations will likely result in additional and increased sanctions.**" *Batta Fulkerson, LLP v. Bulldog Law, PC*, No. 25-CV-551-AGS-KSC, 2026 WL 622294, at *4 (S.D. Cal. Mar. 4, 2026) (emphasis in original). Then, early last week,

4

DEFENDANTS' RESPONSE TO PLAINTIFF HARRO MOEN'S RESPONSE TO THE<br>ORDER TO SHOW CAUSE

the Honorable Jed S. Rakoff of the Southern District of New York confirmed that the Court is considering "the imposition of sanctions on plaintiffs' counsel [Mario Tafur] for seemingly including materially misleading purported quotations in both the original and First Amended Complaint." *Heabeart, et al., v. Coinbase, Inc.*, *et al.*, No. 25-CV-9197 (JSR), ECF Doc. 93, at 3 (S.D.N.Y. Mar. 16, 2026.   Based on the underlying motions at issue, it appears Plaintiffs are accused of claiming that Coinbase announced that a trading suspension was "temporary," removing the quotation marks in a complaint after being called out by Defendants' counsel, and yet continuing "to be representing to this Court this statement exists without providing any details." (*Id.*, ECF Doc. 69, at PDF pp. 11-12, brief pp. 5-6.)   The same thing happened here, where Plaintiff included quotes from the Terms of Service that did not exist, amended the complaint to modify those allegations slight, and nonetheless still claim that the Terms say what they do not.

Though Defendants' counsel has tried to streamline issues and procedure, Plaintiff's counsel continues to make matters more time-consuming and costly.  Plaintiff's latest suggestion – mooting Defendants' fully-briefed Motion to Dismiss with an improper Third Amended Complaint – is the height of waste and should be rejected.  Rules exist for a reason, as do penalties to those who are unable or unwilling to follow those rules.

Defendants' proposals balance judicial efficiency with the rules.  The Court has discretion to take whatever action it deems necessary to prevent Plaintiff and/or his counsel's further abuse.

DATED: March 24, 2026

FOLSOM JACKSON O'MALLEY LLP

By: */s/* Kenneth P. Nabity
KENNETH P. NABITY
EMILY MCATEE
ESMERALDA MENDOZA
Attorneys for Defendants
SOCIALCHAIN INC., PI COMMUNITY
COMPANY, NICOLAS KOKKALIS, and
CHENGDIAO FAN

5

DEFENDANTS' RESPONSE TO PLAINTIFF HARRO MOEN'S RESPONSE TO THE
ORDER TO SHOW CAUSE