# EXHIBIT D

| | |
|---|---|
| **From:** | Mario Tafur <mario@thebulldog.law> |
| **Sent:** | Wednesday, February 11, 2026 7:04 PM |
| **To:** | Kenneth P. Nabity; Jennifer Munguia |
| **Cc:** | Yesica Lopez; Esmeralda Mendoza; Emily McAtee; Tallulah Bajar |
| **Subject:** | RE: Moen v. Pi Community Company, et al.: First Amended Complaint Issues |

**[EXTERNAL]**

Some people who received this message don't often get email from mario@thebulldog.law. Learn why this is important

Dear Mr. Nabity,

Thank you for your email.  The case cite you are quite right was in error and was a vestige of an earlier draft based on some early research.  That has been adjusted.  The quotes, although very close to what is in the TOS were not word for word, and we have made that correction as well.  We have also included the TOS as an exhibit as well as a few more.  In terms of what we are alleging, we  believe it is quite clear.  Our client made every effort to resolve this issue with Pi Network through their support staff.  These diligent efforts were unsuccessful, and despite Pi Network having exclusive control over the ecosystem in which its token occupies, offered him no relief.  It is unfortunate that you find nothing wrong with the mistreatment of our client, and that you find that pointing out this mistreatment warrants sanctions.  This appears to be a tactic to scare and dissuade our client and his counsel from attempting to right this wrong, and endorses a position in which your client can act with impunity, treating with disdain those that literally and simply did what your clients presumably want everyone to do:  sign up to their app and mine for Pi tokens.   That's not a position we can  endorse.

Best regards,

Mario P. Tafur | Attorney

OFFICE: (855) 216-3990 | FAX: (323) 967-7155
EMAIL: mario@thebulldog.law | WEBSITE: www.thebulldog.law  | YOUTUBE CHANNEL I
https://www.youtube.com/@TheBulldogLaw

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately. IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, please be advised that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Kenneth P. Nabity <knabity@delfinomadden.com>
**Sent:** Monday, February 9, 2026 5:30 PM

**To:** Mario Tafur <mario@thebulldog.law>; Jennifer Munguia <jenniferm@thebulldog.law>
**Cc:** Yesica Lopez <ylopez@delfinomadden.com>; Esmeralda Mendoza <emendoza@delfinomadden.com>; Emily McAtee <emcatee@delfinomadden.com>; Tallulah Bajar <tbajar@delfinomadden.com>
**Subject:** Moen v. Pi Community Company, et al.: First Amended Complaint Issues

Dear Mr. Tafur:

We are in receipt of Mr. Moen's First Amended Complaint ("FAC"), filed last week.  The FAC continues Mr. Moen's frivolous campaign against my clients, which began with your extortionate demands for $10 million.  There is no reason that this case was ever brought, or that it should continue.  In anticipation of the Court's consideration of sanctions pursuant to the PSLRA and Federal Rule of Civil Procedure 11, we need the following information.

***First***, the FAC states that it is attaching "Defendants' Terms of Service," dated February 19, 2025, as Exhibit A, but the FAC does not include an attachment.  The FAC then claims to quote from two sections of the Terms of Service.  (*See* FAC at p. 10, ?? 21 and 20 [sic].)  Specifically, the FAC states that Terms of Service, paragraph 4, states: "Users are responsible for maintaining the security of their account passwords, and Pi Network employs measures to protect user assets."  (Id.)  The FAC also states that the Terms of Service, paragraph 12, states: "Migrated Pi is deposited into the user's designated Mainnet wallet."  (Id.)  As best we can tell, neither of those are quotes from the Terms of Service, and there is certainly no statement from which one could infer that anyone has assumed an obligation to "protect user assets."  Please send us the Terms of Service containing the direct quotes you included in the FAC.  If there is a discrepancy, explain why that is.

***Second***, the FAC cites to "*Kelly v. Coinbase Global, Inc.*, No. 3:21-cv-06010 (N.D. Cal. 2021)" to state that "the court upheld UCL claims for fraudulent business practices in cryptocurrency platforms involving misleading security representations and user harm."  (FAC ? 20.)  Your purported citation, of course, is to a docket, not a decision, but, even still, there is nothing on that docket that would support your assertion.  After all, the docket reflects that the parties stipulated to stay the matter and attend arbitration; there was not even a challenge to the pleading, much less any holding about UCL claims.  Please explain what is happening there, as it appears you are hallucinating authority.

***Third***, it remains unclear what your client contends that my clients did with respect to the alleged unauthorized transfer.  Indeed, the drafting of the FAC appears deliberately inconsistent and evasive.  In some places, Mr. Moen alleges that Defendants conduct amounts to "enabling the unauthorized transfer" (FAC ? 36), that Defendants "used their validator nodes to execute the transaction without Plaintiff's passphrase or approval" (id. ? 21), and then finally that Defendants are liable for "causing or enabling the unauthorized transfer" (id. ? 40).  What, specifically, does Mr. Moen accuse my clients of doing?  Did they actually steal his tokens?  Did they fail to put appropriate safeguards in place?  Does Mr. Moen still not know?  As any reasonable attorney would conclude with a basic inquiry, Mr. Moen has no evidentiary support for any of these claims – his reckless speculation is not enough.

These are not new issues.  We plan to move this matter forward expeditiously to mitigate the amount of fees and costs sought in our request for sanctions.  Thus, we look forward to your written response not later than the close of business on **Wednesday, February 11, 2026**.

Sincerely,
Ken

**Kenneth P. Nabity** | Partner
**Delfino Madden O'Malley Coyle & Koewler LLP**
knabity@delfinomadden.com | d. 916.661.5704
500 Capitol Mall, Suite 1550 | Sacramento, CA 95814