Harro Moen
22603 N. Gibson Dr.
Maricopa, AZ 85139
Telephone: (520) 213-7503
Email: harromoen@gmail.com
Plaintiff in Pro Per

**FILED**

**JUL 06 2026**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| HARRO MOEN, on behalf of all others similarly situated,<br>    Plaintiff,<br>v.<br>SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, CHENGDIAO FAN, and DOES 1 through 50, inclusive,<br>    Defendants. | Case No. 5:25-cv-09145-NC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO THE MOTION TO WITHDRAW AS COUNSEL**<br><br>Assigned to: Magistrate Judge Nathanael M. Cousins |

Plaintiff Harro Moen respectfully submits this response to Defendants' Opposition (ECF 58) to his counsel's Motion to Withdraw as Counsel, and respectfully requests that the Court grant the withdrawal and substitute Plaintiff in pro se. Plaintiff submits this response in support of his counsel's pending motion and in his capacity as the affected client.

**I. PLAINTIFF HAS ACTED DILIGENTLY; THE PARTING IS MUTUAL AND ORDERLY.**

Plaintiff has acted diligently to protect his case. Promptly upon learning of errors in the handling of his pleadings, Plaintiff raised those concerns with his counsel's office and undertook to retain substitute counsel. Plaintiff does not seek to assign blame. The entry of final judgment and

counsel's withdrawal permit an orderly substitution, and both Plaintiff and his counsel now seek the same relief.

## II. THE TIMING OF DEFENDANTS' OPPOSITION SHOWS ITS PURPOSE IS TO IMPEDE, NOT TO ASSIST THE COURT.

The Court entered final judgment on May 13, 2026. (ECF 52, 53.) Defendants contend that this judgment is the "final adjudication" that triggers a mandatory Rule 11 review under 15 U.S.C. § 78u-4(c), citing DeMarco v. DepoTech Corp., 131 F. Supp. 2d 1185 (S.D. Cal. 2001). Taking Defendants at their word, the triggering event was the May 13 judgment. Yet Defendants said nothing of any such obligation for six weeks. They raised it for the first time on June 25 — not when judgment was entered, and not in any post-judgment motion, but only after counsel moved to withdraw on June 11 and after Plaintiff docketed his appeal. A party genuinely concerned with a mandatory statutory duty raises it when the duty arises. Raising the issue only in opposition to the motion to withdraw suggests that the argument is directed toward delaying or preventing Plaintiff's transition to self-representation, rather than assisting the Court in carrying out any statutory obligation.

## III. ANY § 78u-4(c) REVIEW IS THE COURT'S TO CONDUCT — NOT A DEFENDANT'S TO INVOKE AGAINST WITHDRAWAL.

Section 78u-4(c)(1) directs that "the court shall include in the record specific findings" upon final adjudication. DeMarco — the very authority Defendants cite — describes this as a "mandatory review by court" whose mandate the statute "addresses . . . not to the parties, but rather, to the district court." 131 F. Supp. 2d at 1188. The obligation thus runs to the Court and

arises on the Court's own initiative; it does not depend on a party's motion, and it furnishes no basis to deny or defer counsel's withdrawal. Defendants themselves concede they "have been unable to identify any authority or guidance that conclusively identifies how the mandatory Rule 11(b) process begins . . . (i.e., whether initiated by the court or counsel, by motion or otherwise)." (ECF 58 at 3 n.1.)

## IV. GRANTING WITHDRAWAL IMPAIRS NOTHING.

Section 78u-4(c)(1) directs the Court to make findings regarding compliance by "each party and each attorney" — an inquiry the statute frames individually. And § 78u-4(c)(2) provides that, before any finding that a party or attorney violated Rule 11(b), "the court shall give such party or attorney notice and an opportunity to respond." That right runs to counsel individually. Plaintiff's counsel signed the pleadings and remains subject to the Court's authority, and reachable, whether or not he continues as Plaintiff's counsel of record; the Court may therefore address any § 78u-4(c) matter as to counsel regardless of his status. Nor does withdrawal implicate the concern underlying Civil Local Rule 11-5 — that a client may be left without representation — because Plaintiff himself seeks to proceed pro se and is already actively litigating, having noticed and docketed his appeal. Requiring Plaintiff to retain unwanted counsel is therefore unnecessary to anything Defendants describe. Thus, whether or not the Court elects to undertake any review under § 78u-4(c), granting withdrawal neither impairs the Court's authority nor prejudices any party.

## V. THE STATUTE'S APPLICABILITY IS, AT MINIMUM, UNCERTAIN AND INCONSISTENT WITH DEFENDANTS' OWN POSITION.

Section 78u-4(c)(1) applies only "[i]n any private action arising under this chapter" — that is, the federal securities laws. The Court dismissed Plaintiff's securities claims without leave to amend (ECF 29), and final judgment rests on state-law claims. Defendants' present position is difficult to reconcile with the position they successfully advanced earlier in the litigation. At a minimum, whether § 78u-4(c) applies under these circumstances is unsettled, and the Court need not resolve that question in order to grant withdrawal.

**VI.  WHETHER RULE 11(b) WAS SATISFIED IS FOR THE COURT TO DETERMINE.**

Whether Rule 11(b) was satisfied is ultimately for the Court to determine under the governing legal standards. See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1991) (en banc) (Rule 11 reaches only a filing that is frivolous or filed for an improper purpose). Plaintiff respectfully submits that the claims were litigated through multiple rounds of briefing and were dismissed under Rule 12(b)(6), not as frivolous filings or for an improper purpose. In any event, the Court need not resolve any Rule 11 issue in order to decide the pending motion to withdraw.

**VII.  CONTINUED REPRESENTATION IS NO LONGER TENABLE.**

The interests of Plaintiff and his counsel have diverged, particularly in light of Defendants' stated intent to seek Rule 11 findings directed at "each attorney." Requiring Plaintiff to remain represented by counsel whose conduct Defendants have placed at issue would unnecessarily prejudice Plaintiff and serves no purpose identified in Defendants' opposition.

**CONCLUSION**

Because Defendants identify no authority requiring continued representation while the Court considers any potential § 78u-4(c) issues, Plaintiff respectfully requests that the Court grant counsel's motion to withdraw and substitute Plaintiff, Harro Moen, in propria persona.

Dated: __07/01/2026__

Respectfully submitted,

/s/ Harro Moen

Harro Moen

Plaintiff in Pro Per