UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HARRO MOEN,

          Plaintiff,

    v.

SOCIALCHAIN INC., and others,

          Defendants.

Case No. 25-cv-09145-NC

**ORDER TO SHOW CAUSE REGARDING RULE 11 SANCTIONS**

Re: ECF 58

The Court issues this Order to Show Cause regarding Rule 11 sanctions in accordance with the Private Securities Litigation Reform Act.  Defendants argue Plaintiff's counsel, Mario Tafur, and Plaintiff himself violated Rule 11(b) by filing a Complaints, and amendments thereafter, with legally and factually frivolous claims to extort an inflated demand and utilizing fabricated authority.  ECF 58 at 2.

The PSLRA requires that, "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) . . . as to any complaint, responsive pleading, or dispositive motion."  15 U.S.C. § 78u-4(c)(1).  If a court makes a finding that an attorney "violated any requirement of Rule 11(b)" then the court must impose Rule 11 sanctions.  *Id.* § 78u-4(c)(2).  It can only do so, however, after giving that attorney "notice and an opportunity to respond."  *Id.*

Rule 11(b), in turn, states that by presenting to the Court any pleading or other filing, an attorney certifies that to the best of the attorney's knowledge formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation; (2) the claim, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4).

Accordingly, by July 23, 2026, the Court orders Defendants to submit additional briefing, not exceeding ten pages, regarding Plaintiff's Rule 11(b) compliance in conjunction with the filing of any complaints. By August 6, 2026, Plaintiff's counsel, and Plaintiff himself, may each file a response not exceeding ten pages. By August 13, Defendants may file a reply not exceeding five pages.

**IT IS SO ORDERED.**

Dated: July 9, 2026

_____
NATHANAEL M. COUSINS
Chief United States Magistrate Judge

2