FOLSOM JACKSON O'MALLEY LLP
KENNETH P. NABITY (Bar No. 287927)
EMILY MCATEE (Bar No. 359005)
ESMERALDA MENDOZA (Bar No. 362617)
500 Capitol Mall, Suite 1550
Sacramento, CA  95814
Telephone:      (916) 661-5700
Facsimile:      (916) 661-5701
knabity@folsomjackson.com
emcatee@folsomjackson.com
emendoza@folsomjackson.com

Attorneys for Defendants
SOCIALCHAIN INC., PI COMMUNITY COMPANY,
NICOLAS KOKKALIS, and CHENGDIAO FAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRO MOEN, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, CHENGDIAO FAN, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  5:25-cv-09145-NC<br><br>Assigned for all purposes to Magistrate Judge Nathanael M. Cousins<br><br>Complaint Filed: October 24, 2025<br>Case Closed: May 13, 2026<br><br>**DEFENDANTS SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, AND CHENGDIAO FAN'S BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(B)** |

DEFENDANTS' BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(b)

TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................... 1

II.   FACTUAL AND PROCEDURAL HISTORY ......................................................... 1

    a.   Plaintiff Sends A Demand Letter, And Defendants Identify the Objectively Frivolous Underpinnings of this Action. ......................................................... 1

    b.   Plaintiff's Complaint. ................................................................................... 2

    c.   Plaintiff's First and Second Amended Complaints. ..................................... 3

    d.   The Court Admonishes Plaintiff. .................................................................. 4

    e.   Plaintiff's Third Amended Complaint. .......................................................... 4

    f.   Plaintiff's Counsel Moves To Withdraw As Counsel. .................................. 4

III.  LEGAL STANDARD ............................................................................................... 5

IV.   ARGUMENT ............................................................................................................ 5

    a.   Plaintiff and His Counsel Violated Rule 11(b)(2) and Rule 11(b)(3) Because All Complaints Were Legally and Factually Frivolous. ............................... 5

        i.    The Complaint. .................................................................................. 6

        ii.   The First Amended Complaint. ......................................................... 7

        iii.  The Second Amended Complaint. ..................................................... 7

        iv.   The Third Amended Complaint. ........................................................ 8

    b.   Plaintiff And His Counsel Violated Rule 11(b)(1) Because All Complaints Were Presented For An Improper Purpose. ................................................... 9

V.    CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Bhatia v. Silvergate Bank*
    725 F.Supp.3d 1079 (S.D. Cal. 2024) ........................................................................... 7
*Chien v. Skystar Bio Pharm. Co.*
    256 F.R.D. 67 (D. Conn. 2009) ............................................................................... 1, 6
*Christian v. Mattel, Inc.*
    286 F.3d 1118 (9th Cir.2002) ..................................................................................... 5
*City of Livonia Employees' Ret. Sys. v. Boeing Co.*
    306 F.R.D. 175 (N.D. Ill. 2014) ................................................................................. 5
*Cooter & Gell v. Hartmarx Corp.*
    496 U.S. 384 (1990) ................................................................................................... 5
*Elster v. Alexander*
    122 F.R.D. 593 (N.D. Ga. 1988) .............................................................................. 10
*Holgate v. Baldwin*
    425 F.3d 671 (9th Cir. 2005) ...................................................................................... 5
*Imprenta Servs., Inc. v. Karll*
    No. CV 20-6177-GW-PVCX, 2022 WL 3012820 (C.D. Cal. May 13, 2022) ......... 6, 7
*In re Kunstler*
    914 F.2d 505 (4th Cir. 1990) ................................................................................. 9, 10
*Martinez v. City of W. Sacramento*
     No. 216CV02566TLNJDP, 2021 WL 2227830 (E.D. Cal. June 2, 2021) ................. 6
*Moser v. Bret Harte Union High School Dist.*
    366 F.Supp.2d 944 (2005) ....................................................................................... 6, 9
*Scott v. Vantage Corp.*
    64 F.4th 462 (3d Cir. 2023) ...................................................................................... 10
*Toft v. Harbor Diversified, Inc.*
    No. 24-C-556, 2025 WL 3470686 (E.D. Wis. Dec. 3, 2025) ...................................... 5
*Townsend v. Holman Consulting Corp.*
    929 F.2d 1358 (9th Cir. 1990) .................................................................................... 9

### STATUTES

15 U.S.C. § 78u-4 .......................................................................................................... 5
California's Digital Financial Assets Law, Cal. Fin. Code ¶¶ 3101, et seq. .................... 8
Fed. R. Civ. P. 11(b) ...................................................................................................... 5

DEFENDANTS' BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(b)

## I.    INTRODUCTION

Plaintiff Harro Moen and his attorney, Mario P. Tafur of Bulldog Law, P.C. (together, "Plaintiff"), should have never filed this lawsuit.  Prior to filing, Defendants notified Plaintiff that his claims were legally and factually frivolous in response to a baseless $10 million settlement demand that would benefit Plaintiff and Plaintiff's counsel alike.  Plaintiff filed the frivolous Complaint anyway, asserting securities and other claims.  Then, after this Court identified deficiencies, Plaintiff filed *three more* frivolous complaints.  Throughout the litigation, Plaintiff failed to provide legal or factual support for *any* claim, and presented papers with fabricated or frivolous facts and authority.  This Court granted both of Defendants' Motions to Dismiss.

This is not a situation where Plaintiff "missed an obscure unreported district court opinion that informed the Court's decision or where the inadequacy of the complaint is apparent only in hindsight."  *Chien v. Skystar Bio Pharm. Co.*, 256 F.R.D. 67, 73 (D. Conn. 2009), aff'd, 378 F. App'x 109 (2d Cir. 2010).  Plaintiff's Rule 11(b) violations appear in every substantive filing, and cover issues big and small, including, but not limited to: legally and factually frivolous claims, admitted fabricated authorities and quotes, assertions that directly contradict the documents from which the assertions derive, and clear evidence of an improper attempt to coerce a settlement.

To date, neither Plaintiff nor his counsel have provided any explanation for their conduct throughout this action.  Plaintiff's counsel has admitted to erroneously filing Complaints and presenting fabricated quotes and authorities.  Until Plaintiff and/or his counsel respond to this brief, Defendants (and this Court) can infer that all decisions to advance these frivolous claims were made in consultation between Plaintiff and his counsel.

Defendants respectfully request that the Court find that Plaintiff and his counsel violated Rule 11(b) with the filing of each complaint, and ultimately the entire prosecution of the action.

## II.    FACTUAL AND PROCEDURAL HISTORY

### a.    Plaintiff Sends A Demand Letter, And Defendants Identify the Objectively Frivolous Underpinnings of this Action.

On April 14, 2025, Plaintiff's counsel sent Defendants a demand letter outlining claims that he alleged were part of a filed complaint, and demanded "immediate consent to advertise this

DEFENDANTS' BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(b)

lawsuit across various platforms." (Declaration of Kenneth P. Nabity ("Nabity Decl.") ¶ 2 & Ex. A.)  To resolve the matter, Plaintiff demanded a "lump sum payment of $10,000,000." (*Id.*)  If Defendants did not comply, Plaintiff threatened "significant regulatory scrutiny," potential "RICO claims," and "liability exceeding tens of billions of dollars." (*Id.*)

Defendants were unable to locate a filed complaint. (*Id.* ¶ 3 & Ex. B.)  Plaintiff's counsel responded that "no class action complaint has been formally filed," and added that Defendants should "respond substantially" or else Plaintiff may advertise in various publications. (*Id.*)

On May 13, 2025, Defendants sent a response letter to Plaintiff. (*Id.* ¶ 4 & Ex. C.) Defendants denied any involvement in the alleged "unauthorized transfer" of Plaintiff's Pi tokens, denied Plaintiff's "unauthorized exchange listings" claims, and noted that Plaintiff's damages calculations premised on "bogus" valuations were legally and factually baseless. (*Id.*) Defendants also addressed the specific potential claims, noting, among other issues: that Plaintiff failed to identify any potential misstatement or omission; that Plaintiff's claim for whistleblower retaliation in violation of the Sarbanes-Oxley Act failed because such claim "only applies to protect whistleblower *employees* of companies registered under section 12 of the Securities Exchange Act," neither of which apply; that Plaintiff asserted "no harm from validators or any such representation…"; that Plaintiff's loss of Pi tokens was user error; and that Plaintiff failed to identify any "benefit that Pi retained to the detriment of" Plaintiff. (*Id.*)

### b.  **Plaintiff's Complaint.**

Five months later, and without any substantive response, Plaintiff filed his Complaint. (*Id.* ¶ 5; ECF 1.)  Though the Complaint listed Defendants' pre-litigation responses, it failed to offer any allegations to cure those clear and obvious deficiencies. (ECF 1 ¶ 7.)  Notably, despite making numerous misrepresentations about Defendants' Terms of Service and Whitepaper, Plaintiff did not include either as an attachment.  And, yet again, Plaintiff's *individual* Complaint threatened that it was "laying the groundwork for a potential class action" and sought to advertise. (*Id.* ¶ 9; Prayer for Relief ¶ G.)

Defendants moved to dismiss the Complaint for virtually identical reasons to those in its pre-litigation response. (ECF 23.)  Plaintiff offered no non-frivolous theory in Opposition.

2

Specifically, Plaintiff could not meet a *single element* for his Sarbanes-Oxley retaliation claim. Plaintiff further failed to offer a non-frivolous argument for "extending, modifying, or reversing existing law or for establishing new law" concerning the existence of a securities action. Fed. R. Civ. P. 11(b)(2). Even if he could, Plaintiff offered no credible argument for any statement that could constitute a misrepresentation, much less fraud, sufficient for any securities or common law fraud claim, and no theory of loss causation. As to the breach of fiduciary duty claim, Plaintiff argued a "trust relationship akin" to California Probate Code guidelines for *actual fiduciaries'* (i.e., conservators, agents, or trustees) handling of digital accounts of deceased users and trusts, and suggested that the Terms of Service supported his claims, which he would subsequently concede was baseless. (ECF 24 ¶ 27.) This Court granted Defendants' Motion to Dismiss, denying leave to amend the two securities claims and Sarbanes-Oxley retaliation claim, and providing leave to amend the other claims. (ECF 29.)

### c. Plaintiff's First and Second Amended Complaints.

On February 5, 2026, Plaintiff filed his First Amended Complaint ("FAC"). (ECF 31.) Plaintiff claimed to attach the Terms of Service, but failed to do so. Plaintiff's FAC also offered numerous fabrications, including a citation to a docket for a Northern District of California case where nothing substantive occurred, as well as what appeared to be quotes from Defendants' Terms of Service that simply do not exist. (Nabity Decl. ¶¶ 10-12 & Ex. D.) After Defendants' counsel challenged Plaintiff's counsel on these references, Plaintiff's counsel admitted that Defendants were correct and filed a Second Amended Complaint ("SAC"). (*Id.*; ECF 32.)

The SAC repeated the same baseless theories, each of which were directly undermined by the documents on which they were premised. This time, however, Plaintiff attached a series of documents, including the Terms of Service. On closer inspection, virtually every allegation was inconsistent with the underlying document offered in support.

Defendants filed their Motion to Dismiss the SAC. (ECF 33.) In response to Defendants' motion, Plaintiff simultaneously filed an Opposition *and* a Third Amended Complaint ("TAC") in violation of FRCP Rule 15. (ECF 36, ECF 37.) The Opposition argued that the Court should grant leave to amend because Plaintiff possessed additional evidence not in the SAC "**because**

3

DEFENDANTS' BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(b)

**prior counsel did not incorporate it**." (ECF 37 ¶ 92 (emphasis added).)

Defendants' counsel challenged both issues again by email. (Nabity Decl. ¶¶ 16-17 & Exs. D & E.) Plaintiff's counsel confirmed that his "staff has clearly acted in error here," and that the filing of the TAC "was an error by my office due to a miscommunication." (*Id.*) Plaintiff then filed a *second* Opposition, filed as a Reply, which omitted one of the frivolous references to "prior counsel" while leaving another. (*Id.*; ECF 39.)

### d.  The Court Admonishes Plaintiff.

The Court issued an Order to Show Cause why it should not strike the SAC and TAC. (ECF 38.) In response, Plaintiff's counsel admitted that the SAC (his third in this case) was "Plaintiff's first good-faith attempt to meet the heightened pleading requirements." (ECF 41 ¶ 4.) Plaintiff stated that the Response was supported by a declaration, but no declaration was filed; and references a "pending" motion for leave to amend, which did not exist. (*Id.*)

On March 26, 2026, the Court permitted Plaintiff leave to file the TAC. (ECF 44.) The Court also admonished Plaintiff "to strictly follow this Court's Orders and not make any false statements in his briefings," and warned Plaintiff it would consider sanctions for violations. (*Id.*)

### e.  Plaintiff's Third Amended Complaint.

Defendants again moved to dismiss Plaintiff's TAC, arguing that the TAC suffered from the same (and more) defects as all Complaints before it. (ECF 46.) On May 13, 2026, the Court granted Defendants' motion without leave to amend as to all claims. (ECF 52.) The Court entered judgment and closed the file. (ECF 53.)

### f.  Plaintiff's Counsel Moves To Withdraw As Counsel.

Following entry of judgment, Plaintiff's counsel moved to withdraw as counsel of record. (ECF 54, 55.) Defendants opposed based on the Court's pending Rule 11(b) determination based on the PSLRA. (ECF 58.) In response, Plaintiff asserted that he should be permitted to proceed without counsel because he had learned of "errors" in the handling of his pleading and immediately sought new counsel. (ECF 59.) The Court conditionally granted Plaintiff's counsel's motion to withdraw, and ordered briefing concerning compliance with Rule 11(b). (ECF 60, 61.)

/ / /

4

DEFENDANTS' BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(b)

### III.   LEGAL STANDARD

"Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990). Thus, Federal Rule of Civil Procedure, Rule 11 provides for the imposition of sanctions if an attorney "has abused the judicial process . . . ." *Id.* at 396. Rule 11 forbids an attorney or party from presenting any complaint or paper for an improper purpose, or if the complaint or pleading is legally or factually frivolous. Fed. R. Civ. P. 11(b).

In cases involving the PSLRA, the statute "puts private securities litigants on sufficient notice that their actions will be the subject of Rule 11 findings." *Toft v. Harbor Diversified, Inc.*, No. 24-C-556, 2025 WL 3470686, at *7 (E.D. Wis. Dec. 3, 2025). Thus, "attorneys are expected 'to conduct a more diligent pre-filing investigation in cases involving securities fraud than in other contexts." *Id.* at 4 (quoting *City of Livonia Employees' Ret. Sys. v. Boeing Co.*, 306 F.R.D. 175, 180 (N.D. Ill. 2014)); *see also id.* at 7 (referring to the PSLRA as a "warning shot").

To accomplish these goals, the PSLRA mandates review of "compliance by each party and each attorney with each requirement of Rule 11(b)" as to any complaint. 15 U.S.C. § 78u-4(c)(1). If the court makes any finding of a violation, the court is then mandated to impose sanctions "on such party or attorney" after giving each notice and opportunity to respond. 15 U.S.C. § 78u-4(c)(2).

### IV.   ARGUMENT

#### a.   Plaintiff and His Counsel Violated Rule 11(b)(2) and Rule 11(b)(3) Because All Complaints Were Legally and Factually Frivolous.

Plaintiff's Complaints were legally and factually frivolous, and his arguments in support of those claims confirm that conclusion. To evaluate whether a complaint is frivolous or without evidentiary support under Rule 11, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir.2002)). An attorney is presumed not to have conducted a reasonable and competent

5

inquiry if that attorney "ignored the substantial amount of evidence in their possession." *Martinez v. City of W. Sacramento*, No. 216CV02566TLNJDP, 2021 WL 2227830, at *15 (E.D. Cal. June 2, 2021). This is not an all-or-nothing proposition – sanctions may be imposed for unwarranted allegations or improper purpose even though the party has asserted one non-frivolous claim. *Moser v. Bret Harte Union High School Dist.*, 366 F.Supp.2d 944 (2005).

Numerous cases have found Rule 11 violations for conduct identical to what happened here. For example, in *Imprenta Servs., Inc. v. Karll*, No. CV 20-6177-GW-PVCX, 2022 WL 3012820 (C.D. Cal. May 13, 2022), the court found Rule 11 violations when it concluded that a review of an underlying email communication provided "no objectively reasonable interpretation" supporting plaintiff's allegation about the communication. *Imprenta Servs., Inc.*, 2022 WL 3012820, at *12. Similarly, in *Chien*, the court found an attorney's conduct to violate Rule 11 where complaints "fall far wide" of established precedent, an amended complaint failed to account for identified deficiencies, and that the attorney failed to advocate for a new theory of "loss causation." *Chien*, 256 F.R.D. at 73–74. As the court noted, even if this was just poor attorney work, "there is no 'empty-head pure-heart' justification for a Rule 11 violation." *Id.*

Plaintiff's Complaints check all boxes to establish legal and factual frivolousness.

### i. The Complaint.

Plaintiff's Complaint initially bought seven claims. (ECF 1.) Each claim was objectively frivolous. As to the **securities claims**, the Court correctly granted Defendants Motion to Dismiss without leave to amend because Plaintiff could not allege that Plaintiff made an "investment of money." (ECF 29.) In his Opposition, as the Court also noted, Plaintiff failed to cite "any authority" to support this issue, and failed to argue an extension of existing law. (*Id.*) But there were numerous other frivolous allegations that the Court did not need to reach, including that Defendants' Whitepaper, which Plaintiff relied on, actually undermined his claims.

This Court also correctly granted Defendants' Motion to Dismiss the **Sarbanes-Oxley Act retaliation claim** without leave to amend because Plaintiff was not an employee, Pi is not publicly traded, and Plaintiff failed to exhaust his administrative remedies. (ECF 29.) Not only were these threshold defects readily identifiable through a reasonable internet search, but

DEFENDANTS' BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(b)

Defendants also identified them in advance of the litigation. Plaintiff proceeded anyways. On closer look, it is evident that Plaintiff failed to allege facts to establish any required element.

The Court granted Defendants' Motion to Dismiss the **breach of fiduciary duty claim** with leave to amend for failure to allege a fiduciary duty.  (ECF 29.)  In his Opposition, Plaintiff offered objectively frivolous authority in support, including reference to a California Probate Code section governing possession of social media accounts for deceased individuals by fiduciaries and *Bhatia v. Silvergate Bank*, 725 F.Supp.3d 1079 (S.D. Cal. 2024), which did not apply.  Plaintiff received leave to amend based on representations about the Terms of Service, which, as discussed below, Plaintiff ultimately was forced to abandon because the Terms of Service said the opposite.

As to the other **fraud-based claims**, the Court granted Defendants' Motion to Dismiss with leave to amend for failure to meet Rule 9's heightened pleading standards.  (ECF 29.)  Though Plaintiff initially argued that his Complaint met those standards, he would subsequently admit that it was not until the Second Amended Complaint that he made his "first good-faith attempt to meet the heightened pleading requirements."  (ECF 41.)  As discussed below with respect to the TAC, the entire claim was premised allegations about Defendants' Whitepaper that were directly contradicted by that same Whitepaper.

### ii.  The First Amended Complaint.

Plaintiff filed his FAC.  Defendants then raised concerns about fabricated authority and quotations contained in the FAC – Plaintiff's counsel admitted to those errors, claimed that the FAC was filed in error, and filed the SAC.  (ECF 31; Nabity Decl. ¶¶ 10-12 & Ex. D.)

### iii.  The Second Amended Complaint.

Plaintiff's SAC alleged four objectively frivolous claims.  As Defendants' argued, two key allegations remained factually frivolous because there was no objectively reasonable interpretation of the underlying documents to support the claims.  *See Imprenta Servs., Inc.*, 2022 WL 301282, at *12.  First, Plaintiff alleged, as he had before, that Defendants misrepresented decentralized control because "three validator nodes controlled all transactions."  (ECF 32 ¶¶ 16, 38, et al.)  Because Plaintiff did not attach the Whitepaper, Defendants did, and it expressly

DEFENDANTS' BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(b)

disclosed that Defendants would operate validator nodes. Plaintiff never sought to explain that objectively frivolous allegation, even to this day. Second, Plaintiff alleged that the Terms of Service supported the existence of a fiduciary duty. (ECF 32.) But the Terms of Service said the *opposite*, and Plaintiff ultimately was forced to argue in Opposition that those same Terms of Service "cannot disclaim fiduciary duties," thereby conceding that the Terms of Service contradicted his assertions. (ECF 37 at 18-19.)

The SAC also included a mass of attachments, many of which, however, revealed that prior allegations were objectively frivolous factual assertions. For example, the various emails and announcements concerning Plaintiff's allegations of Defendants' participation in "unauthorized listings" did not support Plaintiff's factual averments – rather, each document made clear that Pi was unavailable for "deposit and withdrawals." (See, e.g., ECF 41-2 at p. 3.) Thus, even if the allegations relating to unauthorized listings had any bearing on the claims, and they did not, those assertions were again undermined by the evidence Plaintiff himself submitted.

Plaintiff filed his TAC at the same time as his Opposition to Defendants' Motion to Dismiss the SAC. Plaintiff's Opposition *twice* strangely advocated for filing the TAC because "prior counsel did not incorporate" extensive evidence into the SAC. (ECF 37 ¶¶ 9, 92.) There was, of course, no prior counsel, only Mr. Tafur. When alerted of this, Plaintiff filed *a second* Opposition, yet kept one of the references. (ECF 39 ¶ 91.)[1]

### iv.   The Third Amended Complaint.

After admonishing Plaintiff, the Court granted Plaintiff leave to file the TAC. (ECF 44.) Plaintiff's TAC was objectively frivolous for the same reasons as his prior Complaints, and others. As the Court noted, the TAC contained several allegations that the "securities-like nature of Pi tokens" provided support for his other claims. (ECF 52 at 11 n. 5.) But that issue had been disposed of, and thus raising it again was objectively frivolous for both substantive and procedural reasons. As the Court also noted, the Terms of Service said the opposite of Plaintiff's

---

[1]    Both Oppositions cited to California's Digital Financial Assets Law, Cal. Fin. Code ¶¶ 3101, et seq., even though that law not only had nothing to do with his fraud claim, but also was not even in effect. (ECF 37 & 39 ¶ 22.)

8

claim that Defendants undertook to act on Plaintiff's behalf.  (ECF 52 at 11.)  The Court also agreed that the Whitepaper did not support Plaintiff, but instead "undermines Plaintiff's argument" that such statement could be actionable.  (ECF 52 at 7-8.)  These were not mere inconsistencies – each issue involved *core* allegations from each Complaint.

In sum, Plaintiff's Complaints were all frivolous because he failed to consider information available to him *prior to filing* each Complaint that was either fatal to, or directly contradicted, his claims; premised his arguments exclusively on fabricated or indisputably inapplicable authority; and presented objectively frivolous factual allegations.  Along the way, Plaintiff's counsel admitted that the FAC was filed in error, blamed himself for failing to incorporate all available evidence in the SAC, and then admitted that the TAC was filed in error.

Though there is no information in the record yet to explain Plaintiff's investigatory efforts (if any), the Court can infer that Plaintiff failed to conduct a competent or reasonable inquiry.  Additionally, the never-ending errors in the various papers, including fabricated authority, reference to prior counsel, and changing theories, further supports that Plaintiff's counsel, as signer of all documents, failed to competently review what he was filing.

### b.  <u>Plaintiff And His Counsel Violated Rule 11(b)(1) Because All Complaints Were Presented For An Improper Purpose.</u>

The Court also should conclude that Plaintiff's Complaints were presented for an improper purpose.   The court may consider "[c]ircumstantial facts surrounding the filing . . . as evidence of the signer's purpose."  *In re Kunstler*, 914 F.2d 505, 519 (4th Cir. 1990).  "When there are issues of credibility, disputed questions of fact, and rational explanations of purpose given, an evidentiary hearing may well be necessary to resolve the issues."  *Id.* at 520.

As discussed above, Plaintiff's claims were so frivolous and outrageous that the Court can infer that the claims were filed for an improper purpose on that basis alone.  *In re Kunstler*, 914 F.2d at 519; *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) ("Although the 'improper purpose' and 'frivolousness' inquiries are separate and distinct, they will often overlap since evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose."); *Moser*, 366 F. Supp. 2d at 950 ("A district court confronted with

9

solid evidence of a pleading's frivolousness may in circumstances that warrant it infer that it was filed for an improper purpose."). Further, "the outrageous nature of the claims made" is an "appropriate indicator[] of an improper purpose." *In re Kunstler*, 914 F.2d at 519. Additionally, filing to coerce a settlement with no reasonable basis for the claims establishes an improper purpose. *Elster v. Alexander*, 122 F.R.D. 593, 604 (N.D. Ga. 1988) (noting that the settlement would benefit plaintiff's counsel); *see also Scott v. Vantage Corp.*, 64 F.4th 462, 472–73 (3d Cir. 2023) (plaintiffs violated Rule 11 by filing "to force a settlement" where claims lacked merit).

Here, the record is replete with evidence of improper purpose. First, Plaintiff's demand letter made extortionate threats based on frivolous claims for a sum that was completely untethered to any claim. Plaintiff's request for $10 million, in the letter and each Complaint, was based on a frivolous per-token calculation (claiming over $300 per token when it has never traded at over $3), alleged "lost opportunities" for an alleged "retiree," and over $6 million in punitive damages. But Plaintiff also threatened regulatory scrutiny, publication, and exposure of tens of billions of dollars. Plaintiff's Complaints then continued that campaign.

Second, as discussed above, Plaintiff's claims were so objectively frivolous that the Court can infer that there was no proper basis for bringing them.

Third, Plaintiff's improper purpose can be seen as Plaintiff began adding irrelevant, outrageous allegations following the Court's initial grant of Defendants' Motion to Dismiss. Plaintiff's FAC added irrelevant and outrageous allegations about a "toxic work environment involving physical arguments requiring intervention" and so forth. (See, e.g., ECF 31 ¶ 19.) Plaintiff's TAC would expand those allegations to include irrelevant and frivolous allegations of "Defendants' Financial Motive." (ECF 36 ¶¶ 31-37.)

Because the Court can infer improper purpose from the record, it should find that Plaintiff and his counsel violated Rule 11(b).

## V.     CONCLUSION

Plaintiff and his counsel violated Rule 11(b). Each violation is a big deal individually, but the pattern of violations throughout litigation is undeniable. Defendants respectfully request that the Court find that Plaintiff and his counsel violated Rule 11(b).

10

DEFENDANTS' BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(b)

DATED: July 23, 2026

FOLSOM JACKSON O'MALLEY LLP

By: */s/ Kenneth P. Nabity*

KENNETH P. NABITY
EMILY MCATEE
ESMERALDA MENDOZA
Attorneys for Defendants
SOCIALCHAIN INC., PI COMMUNITY
COMPANY, NICOLAS KOKKALIS, and
CHENGDIAO FAN

11

DEFENDANTS' BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(b)