Harro Moen
22603 N. Gibson Dr.
Maricopa, AZ 85139
Telephone: (520) 213-7503
Email: harromoen@gmail.com
Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **HARRO MOEN,** on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, and CHENGDIAO FAN,**<br><br>Defendants. | Case No. 5:25-cv-09145-NC<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING RULE 11(b) SANCTIONS**<br><br>Assigned to: Magistrate Judge Nathanael M. Cousins<br><br>[Re: ECF 60] |

## I. INTRODUCTION

Plaintiff Harro Moen, now self-represented, respectfully submits this response to the Court's Order to Show Cause (ECF 60). Plaintiff did not violate Rule 11(b).

Defendants' briefing reads as a rehashing of arguments already adjudicated. An opinion is not evidence, and Defendants offer none to support their charge of frivolousness. Coming only after final judgment and after Plaintiff noticed his appeal (No. 26-3802), the request serves no deterrent purpose Rule 11 recognizes and instead risks influencing the pending appeal. The Ninth Circuit, moreover, "**enforce[s]** [Rule 11's] **safe harbor provision strictly**" and will "**reverse**

**the award of sanctions when the challenging party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous.**" *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005).

**The Court's Order defines the question.** Much of Defendants' briefing focuses on why Plaintiff's claims were ultimately dismissed. The Court's Order, however, directs briefing regarding Rule 11 compliance "**in conjunction with the filing of any complaints.**" (ECF 60 at 2.) The relevant question is therefore whether Plaintiff and counsel possessed an **objectively reasonable factual and legal basis at the time each complaint was filed** — not whether Plaintiff ultimately prevailed after motion practice, and not the citation and procedural matters the Court **already addressed with counsel** (ECF 44). Those are distinct inquiries. On the question the Court actually posed, Plaintiff complied.

The standard is the one Defendants themselves invoke — a **two-requirement** test on which Defendants bear the burden under each **provision**: the filing must be "**legally or factually baseless from an objective perspective**" **and** the signer must have failed to "**conduct[] a reasonable and competent inquiry before signing and filing it.**" *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)); accord ECF 62 at 5. Rule 11's "central purpose … is to deter baseless filings," not to penalize a claim that fails, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); a dismissal establishes neither requirement, and sanctions are reserved for "the rare and exceptional case." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

## II. DEFENDANTS' POST-JUDGMENT SANCTIONS REQUEST IS PROCEDURALLY DEFECTIVE, AND THE COURT'S INDEPENDENT INQUIRY REQUIRES CONDUCT AKIN TO CONTEMPT.

Defendants first sought Rule 11 sanctions only **after** the case was over. The Court dismissed the action and entered judgment on **May 13, 2026** (ECF 52–53), and Defendants raised no Rule 11 issue then. They first sought sanctions against Plaintiff and his former counsel on **June 25, 2026**, by attaching the request to their opposition to counsel's motion to withdraw (ECF 58) — after judgment, and after Plaintiff had filed his notice of appeal to the Ninth Circuit (No. 26-3802). The Court issued this Order to Show Cause on **July 9, 2026** (ECF 60).

To the extent sanctions rest on **Defendants' request**, they are **barred by Rule 11's safe harbor.** A party must serve its motion twenty-one days before filing, so the offending paper can be "withdraw[n] or otherwise correct[ed]." Fed. R. Civ. P. 11(c)(2). A "motion served after the complaint ha[s] been dismissed" affords no such opportunity, so "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." *Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir. 1998). Defendants never served a safe-harbor motion during the litigation — when counsel could have, and in fact did, correct the filings — and first raised sanctions after judgment, when no live pleading remained to withdraw. Tellingly, Defendants concede they "**have been unable to identify any authority or guidance that conclusively identifies how the mandatory Rule 11(b) process begins pursuant to the PSLRA**" (ECF 58 n.1) — yet solicited the proceeding anyway (ECF 58 at 3). That sequence deprived Plaintiff's counsel of the opportunity Rule 11's safe-harbor provision is designed to provide under Ninth Circuit precedent. And a party genuinely convinced a complaint is frivolous

serves its Rule 11 motion **during** the case, when the pleading can still be corrected: Defendants invoked "sanctions" in counsel-to-counsel correspondence as early as February 2026 (ECF 62-8 at 2–5), yet never served one — waiting until after judgment, when correction was impossible.

To the extent the Court proceeds **on its own** under Rule 11(c)(3) and the PSLRA, a court-initiated proceeding offers **no "safe harbor,"** so the Ninth Circuit reserves *sua sponte* sanctions for "**situations that are akin to a contempt of court.**" *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001). Nothing here approaches that: Plaintiff's documented, years-long, reproducible investigation (Part IV) is the antithesis of contempt. The PSLRA requires the Court to make Rule 11(b) findings upon final adjudication, 15 U.S.C. § 78u-4(c)(1); but a finding that a party *violated* Rule 11(b) still requires meeting its objective standard — which, for the reasons in Parts III–V, is not met as to Plaintiff.

Either way, Rule 11 is not a vehicle to hold a **client** liable, after judgment, for his attorney's filings.

## III. THE CERTIFICATION AND THE CHALLENGED LEGAL CONTENTIONS RUN TO THE SIGNING ATTORNEY.

Here Defendants revive matters the Court has already adjudicated. The citation and drafting errors they recite were **counsel's**: Plaintiff's former attorney signed every complaint, **admitted the errors, and corrected them**, and the Court **already disciplined counsel as it saw fit** (ECF 44). Defendants themselves **concede the fault was counsel's** — "as signer of all documents," he "failed to competently review what he was filing" (ECF 62 at 8). Plaintiff will not litigate his former counsel's drafting of the earlier complaints; it is not his to defend. He addresses the operative pleading — the Third Amended Complaint.

That resolves the matter as to Plaintiff. Rule 11(b) certifies only what the person who **signs** the paper represents, and every filing bears Mr. Tafur's signature, not Plaintiff's. The rule is explicit: "**The court must not impose a monetary sanction … against a represented party for violating Rule 11(b)(2)**" — the requirement covering citations and legal theories. Fed. R. Civ. P. 11(c)(5)(A). Defendants' own lead case agrees: in *Chien v. Skystar Bio-Pharmaceutical Co.*, 256 F.R.D. 67 (D. Conn. 2009), the court sanctioned the **attorney** under (b)(2) and reached the represented plaintiff only under (b)(3), and only for a falsity that plaintiff personally knew. Defendants identify no such falsity here; to the contrary, the Court accepted Plaintiff's central factual allegation as true (Part V).

## IV. DEFENDANTS CANNOT SATISFY RULE 11's SECOND REQUIREMENT AS TO PLAINTIFF — THE RECORD SHOWS A REASONABLE INQUIRY.

Even where a filing is claimed to be baseless, sanctions require the **second** provision: the absence of a "reasonable and competent inquiry." *Holgate*, 425 F.3d at 676. On that requirement Defendants concede they have nothing. Their brief states: "**there is no information in the record yet to explain Plaintiff's investigatory efforts (if any)**," and asks the Court to "**infer** that Plaintiff failed to conduct a competent or reasonable inquiry" (ECF 62 at 8). An inference is not evidence, and the burden is Defendants'. There is, moreover, little force in a demand for "reasonable inquiry" from a party who concedes he "could not identify any authority or guidance" for how this very process even begins (ECF 58 n.1; Part II). Defendants repeatedly label Plaintiff's claims "frivolous," but labels satisfy neither requirement identified in *Holgate*: Defendants bear the burden of proving **both** objective baselessness and the absence of a reasonable pre-filing inquiry, and they have shown neither.

The record now forecloses that inference. Before filing, Plaintiff had reviewed the **McPhillip litigation** and Defendants' own **sworn financial testimony**; the **Santa Clara court orders**; Defendants' **Whitepaper and its December 2021 supplement**; the **December 2022 exchange listings** and his **written correspondence with the exchanges**; the **Pi community chats** and the **moderators' censorship** of listing discussion; the **wallet-migration evidence**; Pi's **public ledger**, which he analyzed with **software he designed and built** and whose outputs are **reproducible by anyone**; **public block explorers**; his **support tickets** and **KYC documentation**; and the **related public lawsuits** — and, on that record, he possessed a reasonable basis to allege the wrongdoing he pleaded. Those materials did not guarantee every claim would survive motion practice, but they provided a substantial, identifiable, and objectively reasonable basis for filing and for expecting further evidentiary support through discovery — the antithesis of the "failure to inquire" Defendants ask the Court to presume.

On this record — where Plaintiff *generated* the evidence rather than "ignor[ing] the substantial amount of evidence in [his] possession" — the second requirement cannot be met as to Plaintiff. *See Martinez v. City of W. Sacramento*, No. 2:16-cv-02566-TLN-JDP, 2021 WL 2227830, at *15 (E.D. Cal. June 2, 2021) (cited at ECF 62 at 5) (presuming no inquiry where a litigant ignored evidence in its possession).

## V. DISMISSAL DOES NOT AUTOMATICALLY MEAN THE CASE WAS FRIVOLOUS.

Defendants spend significant time on matters irrelevant to, and outside the scope of, the Court's Order — repeatedly invoking the pre-suit **demand letter**, which is not part of the record and is not a "complaint." Where they remain within scope, they rely almost entirely on the **dismissal** as proof that Plaintiff's claims were frivolous. But "frivolous" is not proof; it is an **accusation that**

**requires proof**, and Defendants offer none. Dismissal is not frivolousness. *Operating Eng'rs*, 859 F.2d at 1344. In dismissing the TAC the Court **accepted as true**, as Rule 12(b)(6) requires, that "**5,137 Pi tokens were transferred from [Plaintiff's] wallet without authorization**" to "a wallet created by Defendants" (ECF 52) — and a factual contention the Court accepted as true is the antithesis of a "factually frivolous" one under Rule 11(b)(3). The dismissal rested on **legal** insufficiency — Rule 9(b) particularity and the Terms of Service negating a fiduciary duty — not on any finding the facts were false. Defendants concede the fraud-based claims were dismissed "**with leave to amend** for failure to meet Rule 9's heightened pleading standards" (ECF 62 at 6) — and courts grant leave to amend claims they deem **curable**, not frivolous; a pleading defect is not the "objectively baseless" claim *Holgate* requires. And a plaintiff need not plead the precise legal theory: the Federal Rules "**do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.**" *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014). The merits order makes **no** Rule 11 finding — none of frivolousness, bad faith, or improper purpose. Their remaining examples are disputes over document **interpretation** — merits disagreement Rule 11 does not reach — and the allegations they brand "outrageous" are drawn from the record, not invented:[1]

[1] To the extent Defendants' briefing reargues the merits of the dismissed claims — the meaning of the Whitepaper, the Terms of Service, or the exchange notices, or the legal sufficiency of the securities, Sarbanes-Oxley, and fiduciary-duty claims — those are merits questions Rule 11 does not reach and that the Court resolved on the pleadings; that Plaintiff answers the Rule 11 inquiry rather than re-litigating the merits implies no concession that any claim was frivolous or improperly filed. Such legal-contention challenges, in any event, run under Rule 11(b)(2) to the signing attorney, not to a represented party. Fed. R. Civ. P. 11(c)(5)(A); Part III.

The TAC's "Financial Motive" allegations (¶¶ 31–37) rest on public records that Defendants' own declaration confirms even while calling them "frivolous." On the **$86 check**, counsel swears he is "certain" it was not Kokkalis's personal check, yet concedes he "cannot recall whether the check issued from [his] firm or from a process server" (Nabity Decl. ¶¶ 24–25) — though in an April 8, 2026 email he had attributed it to "a courier acting on behalf of [his] prior firm" (ECF 62-8 at 2). Certainty as to who did *not* write it, alongside a shifting account of who did, is not personal knowledge. The court's own **Notice of Returned Check** bears **Dr. Kokkalis's name and no one else's** and is directed to him alone; had the firm issued the check, the firm — not Dr. Kokkalis — would appear on the court's returned-check list. It records an $86 check dishonored for non-sufficient funds (Ex. 1); by counsel's own account the firm "advanc[ed]" and "invoic[ed]" such costs, so proof of the payor is his to produce, and none is offered. On the **$50,000**, Defendants refute their own charge: counsel brands the allegation "factually frivolous," then confirms his McPhillip declaration "**identified the fees and costs that Defendants had already incurred and what they were projected to incur**" (Nabity Decl. ¶ 25) — precisely the TAC's allegation. To "**incur**" is to become **liable** — "to suffer or bring on oneself (a liability or expense)," Black's Law Dictionary — whether or not paid; whether these fees were paid is the disputed fact, and Defendants offer no proof, though a receipt would be the simplest thing to produce. And the post-listing financial reversal documented in the record gave Plaintiff a reasonable basis to allege motive. Whether that interpretation ultimately proves correct is a merits question; Rule 11 asks only whether these public records provided an objectively reasonable basis to investigate and plead financial motive. They plainly did.

The TAC's "toxic work environment" allegation (ECF 31 ¶ 19) is corroborated by the Santa Clara Superior Court's own **demurrer order** — which Defendants themselves placed in this

record (ECF 62-8) — recounting the March 6, 2020 altercation, “acts of physical aggression,” harm to employee morale, the co-founder McPhillip’s medical leave, and the founders’ sale of Pi shares “to themselves below their fair market value” (ECF 62-8 at 12–20; Ex. 6). An allegation drawn from a court’s own order is not a fabrication.

**The exchange listings.** A **BitMart** representative confirmed **in writing** that the December 29, 2022 listing was enabled “**in accordance with the project team’s information and support**” — which, with the same-day use of the project’s own logo and ticker, gave Plaintiff a reasonable basis to question the “**unauthorized**” label. (Ex. 12.)

Whether any of these ultimately prevails is a merits question; that each was **reasonably grounded** is what Rule 11 asks. The four California-law claims are, moreover, pending on appeal (No. 26-3802); reinstatement of any of them would gravely undercut the “objectively frivolous” premise. Consistent with the PSLRA, the Court should make its findings **now**, for the appellate record — and as to Plaintiff, the correct finding is **compliance**.

## VI. THE IMPROPER-PURPOSE THEORY FAILS UNDER DEFENDANTS’ OWN AUTHORITY.

Defendants argue the complaints were filed for an improper purpose under Rule 11(b)(1) (ECF 62 at 9–10), but their own authority defeats it. Under *Townsend* — which Defendants cite — “**complaints … are not filed for an improper purpose if they are non-frivolous**,” so the “**improper purpose**” inquiry “**subsumes**” the “**frivolousness**” inquiry “**in this class of cases**.” 929 F.2d at 1362. Because Defendants cannot establish frivolousness, the theory fails as a matter of law. And *In re Kunstler*, which Defendants also cite, holds only that an evidentiary hearing

“**may well be necessary**” where “**rational explanations of purpose**” are “**given.**” 914 F.2d at 520. Plaintiff has given one — the recovery of his own property and a real, documented loss.

**The demand letter is outside this inquiry.** The Court’s Order reaches only “**the filing of any complaints**” (ECF 60 at 2), and a pre-suit demand is not a “pleading, written motion, [or] other paper” filed with the Court. Fed. R. Civ. P. 11(a)–(b). And on learning of counsel’s errors, Plaintiff did not conceal them — he supported withdrawal and undertook his own representation, in good faith.

## VII. CONCLUSION

Defendants have not carried their burden on either requirement as to Plaintiff. Plaintiff respectfully requests a finding that **he complied with Rule 11(b)**, entered now and included in the appellate record.

Dated: August 6, 2026

Respectfully submitted,



**Harro Moen**, Plaintiff, Pro Se