FOLSOM JACKSON O'MALLEY LLP
KENNETH P. NABITY (Bar No. 287927)
EMILY MCATEE (Bar No. 359005)
ESMERALDA MENDOZA (Bar No. 362617)
500 Capitol Mall, Suite 1550
Sacramento, CA 95814
Telephone: (916) 661-5700
Facsimile: (916) 661-5701
knabity@folsomjackson.com
emendoza@folsomjackson.com
emcatee@folsomjackson.com

Attorneys for Defendants
SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, and CHENGDIAO FAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRO MOEN, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, CHENGDIAO FAN, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:25-cv-09145-NC<br><br>Assigned for all purposes to Magistrate Judge Nathanael M. Cousins<br><br>Complaint Filed: October 24, 2025<br>Trial Date: None Yet Set<br><br>**DEFENDANTS SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, AND CHENGDIAO FAN'S REPLY IN SUPPORT OF DEFENDANTS' BRIEFING REGARDING PLAINTIFF AND HIS COUNSEL'S NON-COMPLIANCE WITH FRCP RULE 11(B)** |

## I. INTRODUCTION

Plaintiff Harro Moen ("Moen") and his former attorney Mario Tafur ("Tafur") brought legally and factually frivolous claims to coerce an unwarranted settlement. The instances of non-compliance with Rule 11(b) are identical to conduct that numerous other courts have found to violate Rule 11(b). These baseless filings wasted this Court's resources, and caused Defendants to incur needless and substantial expense. The Court can and should remedy this abuse of the judicial process by finding that Tafur and Moen failed to comply with Rule 11(b), and impose mandatory sanctions pursuant to the Private Securities Litigation Reform Act ("PSLRA").

Moen and Tafur offer no challenge to Defendants' brief. In their Oppositions, Moen and Tafur advance bizarre (and sometimes frivolous) theories and assertions, unsupported by evidence, but never attempt to justify their own conduct. Instead, Moen incorrectly disclaims any obligation to return to what he considers "merits questions," while Tafur ignores all standards for this inquiry.

The Court should find non-compliance with Rule 11(b) for numerous reasons. First, Moen and Tafur's procedural arguments are frivolous, because Rule 11's "safe harbor" requirement does not apply due to the PSLRA's terms, which is the basis for this analysis. Second, Moen and Tafur fail to provide evidence by way of declaration or affidavit, and thus all factual assertions may be disregarded. Third, even if Moen and Tafur provided evidence, the arguments either ignore, or do not address, the numerous instances of legal and factual frivolousness. Fourth, neither Moen nor Tafur meaningfully address evidence that the complaints were filed for an improper purpose.

## II. LEGAL ANALYSIS

### A. <u>Moen and Tafur's Arguments Regarding The Safe Harbor Rule Are Frivolous.</u>

Moen and Tafur argue that Defendants' briefing is procedurally defective. Moen argues that either Rule 11's 21-day safe harbor was required, or otherwise "*sua sponte*" sanctions require "situations that are akin to a contempt of court." (ECF 64 at 4.) Tafur argues that although that 21-day safe harbor does not apply in PSLRA reviews, that Defendants "chose to file" their document "under ordinary Rule 11 procedures." (ECF 63 at 4.) Both arguments are frivolous.

It is undisputed, as Tafur concedes, that "the PSLRA *mandates* a Rule 11 finding," and thus the Rule 11(c) safe harbor provision does not apply. *CMG Worldwide, Inc. v. Glaser*, 92 F. Supp.

3d 839, 844 (S.D. Ind. 2015); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 152 (2d Cir. 2009). In other words, the PSLRA *is* the "warning shot" that "puts private securities litigants on sufficient notice that their actions will be the subject of Rule 11 findings." *Toft v. Harbor Diversified, Inc.*, No. 24-C-556, 2025 WL 3470686, at *7 (E.D. Wis. Dec. 3, 2025) (quoting *ATSI Commc'ns, Inc.*, 579 F.3d at 152).

Here, this Court ordered Defendants to submit briefing concerning Plaintiff's Rule 11(b) compliance, which is what Defendants did. (ECF 60.) Moen's argument that the safe harbor is required under the PSLRA is legally frivolous – a thirty-second Westlaw or Google search makes clear that there is no uncertainty (as Tafur agrees). Tafur's bizarre assertion that Defendants somehow filed a motion for sanctions outside the Court's review process, on the other hand, is factually frivolous. Moen and Tafur cannot establish any procedural defect, and instead present to the Court more frivolous arguments and assertions.

**B. <u>Moen And Tafur Violated Rule 11(b).</u>**

**1. Moen And Tafur Provide No Evidence To Support Compliance.**

Moen and Tafur have failed to support their Oppositions with evidence, and thus all factual assertions may be disregarded. The Local Rules of this Court require that factual contentions "must be supported by an affidavit or declaration and by appropriate references to the record." Civil L. R. 7-5(a). In *CMG Worldwide, Inc. v. Glaser*, 92 F. Supp. 3d 839 (S.D. Ind. 2015), the court evaluated the sufficiency of an attorney's affidavit during a PSLRA Rule 11(b) evaluation. *Id.* at 845. The court noted, "Notably absent from the affidavit is testimony from CMG's attorney stating that he researched Securities Act case law—Rule 10b-5 in particular—prior to filing Counts III and IV, and reasonably determined that Counts III and IV were 'warranted by existing law.'" *Id.* The court ultimately found non-compliance with Rule 11(b). *Id.*

Here, neither Opposition includes any evidence, by way of declaration or otherwise. Thus, the Court may disregard all factual assertions, including those about Moen or Tafur's pre-litigation review or Tafur's belief that the claims were warranted by existing or an extension of law. But, even if the Oppositions' assertions were supported by evidence, which they are not, the Oppositions fail to respond to the many examples of non-compliance with Rule 11(b).

**2. All Complaints Were Legally and Factually Frivolous.**

Moen and Tafur fail to offer any argument supporting the legal or factual sufficiency of the claims. In Moen's Opposition, he incorrectly asserts, without authority, that Defendants' focus on what the Whitepaper or Terms of Service say, or the "legal sufficiency" of the claims filed, are "merits questions Rule 11 does not reach." (ECF 64 at 7 n.1.) Moen does not mention any specific claim except in that same footnote. (Id.)[1] Tafur, on the other hand, generally asserts that the claims were made in good faith, and argues that the loss of the motion to dismiss does not establish a Rule 11(b) violation. (ECF 63 at 6.) The Court should find violation of Rule 11(b).

i. *The Securities Claims Were Legally and Factually Frivolous.*

Starting with the **securities claims**, it is undisputed that both securities claims were legally and factually frivolous for numerous reasons. First, the claims were legally frivolous. As the *CMG* court added, "Basic research on the issue of standing to assert a Rule 10b–5 claim would have revealed to CMG's attorney that his client (CMG) had to be a 'purchaser or seller' of a security before bringing those claims. One need not have expertise in securities law to make that determination." *CMG Worldwide, Inc.*, 92 F. Supp. 3d at 845 (S.D. Ind. 2015). Here, Tafur does not allege or argue (much less with evidence) that he researched or reviewed securities case law, except the *Howey* test. There is no credible inference that Tafur even reasonably conducted that review. Indeed, as the Court noted in its Order granting Defendant's motion to dismiss Plaintiff's securities claims without leave to amend, "[t]he Court has not located, and Plaintiff has not cited to, any authority suggesting that investments of internet data and time amount to an investment of money or how that would subject Plaintiff to a financial loss." (ECF 29 at 4.)

Though the Court did not need to reach the other deficiencies with the securities claims, the claims were legally frivolous for other reasons. For example, neither Moen nor Tafur have ever explained how Moen's alleged loss (by unauthorized transfer) could even be caused by misrepresentations or a failure to register securities. *See, e.g., Chien v. Skystar Bio Pharm. Co.*,

---

[1] Moen bluntly states that he "will not litigate his former counsel's drafting of the earlier complaints; it is not his to defend," and only focus on the Third Amended Complant (ECF 64 at 4.) Moen's refusal to discuss the legal or factual assertions appears based on his incorrect claim that only Tafur, as the one who signed all submissions, is responsible, but not him. (Id. at 4-5.)

256 F.R.D. 67, 73 (D. Conn. 2009), aff'd, 378 F. App'x 109 (2d Cir. 2010) (finding Rule 11(b) violations where complaints fell "far wide" of established precedent and failed to advocate for a theory of loss causation). Additionally, Tafur fails to explain the admission that the Second Amended Complaint (Moen's ***third*** complaint in the case) was "Plaintiff's first good-faith attempt to meet the heightened pleading requirements." (ECF 41 ¶ 4.) This suggests either that Tafur failed to appropriately research fraud-related claims, such that he would have identified the PSLRA or Rule 9 requirements, or that his disregard of that requirement evidences an improper purpose.

Second, it is undisputed that the securities claims were factually frivolous. Here, the Whitepaper, which both Moen and Tafur claim to have read, fails to provide any "objectively reasonable interpretation" consistent with their allegations. *See Imprenta Servs., Inc. v. Karll*, No. CV 20-6177-GW-PVCX, 2022 WL 3012820 (C.D. Cal. May 13, 2022) (finding a violation due to contradiction between underlying email and allegations about that email). Among other deficiencies, contrary to Plaintiff's allegations, the Whitepaper *did disclose* that Pi would run validator nodes. Moen and Tafur have never attempted to explain how to reconcile their allegations with the Whitepaper disclosures, and similarly make no attempt in their Oppositions.

Then, to make matters worse, Tafur admits that the Third Amended Complaint "reframed" the securities claims as common law fraud, unjust enrichment, breach of fiduciary duty, and UCL claims following dismissal of those claims. (ECF 63 at 6.) The securities claims thus infected *all* claims. Though Tafur suggests that the approach was "grounded in California common law and statutory authority," he offers neither evidence nor authority in support of this bizarre approach. In its Order dismissing all remaining claims without leave to amend, the Court appropriately disregarded these attempts, while noting that Plaintiff otherwise failed to "cite any persuasive case law" to support the fraud-related and breach of fiduciary duty claims. (*See*, *e.g.*, ECF 52 at 11.)

ii. *The Other Claims Were Legally and Factually Frivolous.*

The legal and factual frivolousness existed in the non-securities-related claims, as well, further evidencing disregard of Rule 11(b). For example, Tafur and Moen appear to concede that Plaintiff could not meet a *single element* of the Sarbanes-Oxley Act retaliation claim, despite having been alerted in advance of the numerous and obvious deficiencies. Tafur and Moen also offer no

explanation for the factual assertions concerning the Terms of Service in connection with the breach of fiduciary duty claim. Again, Plaintiff was forced to ultimately *disclaim* the Terms of Service as unenforceable after repeatedly alleging that those same Terms of Service established a fiduciary duty. Moen and Tafur also fail to respond to Defendants' argument that the underlying evidence of "unauthorized" exchange listings actually undermined Moen's allegations. These are all legal and factual issues that implicate *both* Tafur *and* Moen.

Because each claim was legally and factually frivolous, the Court can and should find that every complaint violated Rule 11(b).

**3. Plaintiff's Complaints Were Filed For An Improper Purpose.**

Moen and Tafur also fail to respond to Defendants' arguments concerning improper purpose. The Court can infer from the pre-litigation demand letter that the subsequent complaints were filed for an improper purpose: to coerce a settlement. Moen and Tafur offer no defense or explanation of the demand letter whatsoever, and instead baselessly argue that it is "outside the scope" of the Rule 11(b) inquiry. (ECF 63 at 2; ECF 64 at 6, 10.) Neither address the extortionate threats for regulatory scrutiny, neither defend the baseless claims asserted in the letter, and neither make any attempt to justify the frivolous demand for $10 million. The Court can and should infer that Moen and Tafur submitted these baseless filings to extract an unwarranted settlement. Moen and Tafur similarly fail to justify inclusion of increasingly irrelevant and outrageous allegations as their survival prospects grew more dim. All complaints were filed for an improper purpose, which provides an independent basis for finding non-compliance with Rule 11(b).

## III. CONCLUSION

Moen and Tafur should have never filed these complaints, or any claim in them. Prior to filing, both reviewed evidence that directly contradicted the factual allegations. And there is no argument or inference that Tafur conducted an objectively reasonable factual or legal investigation under the circumstances. In the face of this, Moen and Tafur filed anyway to coerce an unwarranted settlement for millions of dollar. Defendants respectfully request that the Court find that Moen and Tafur violated Rule 11(b) with the presentation of every complaint, and impose mandatory sanctions consistent with the PSLRA and Rule 11.

DATED: August 13, 2026

FOLSOM JACKSON O'MALLEY LLP

By: */s/ Kenneth P. Nabity*

KENNETH P. NABITY
EMILY MCATEE
ESMERALDA MENDOZA
Attorneys for Defendants SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, and CHENGDIAO FAN