Harro Moen
22603 N. Gibson Dr.
Maricopa, AZ 85139
Telephone: (520) 213-7503
Email: harromoen@gmail.com
Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| HARRO MOEN, on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, CHENGDIAO FAN, and DOES 1 through 50, inclusive,<br>Defendants. | Case No. 5:25-cv-09145-NC<br><br>**PLAINTIFF'S RESPONSE TO ORDER (ECF 69) REGARDING INVESTIGATION AND REVIEW OF COMPLAINTS**<br><br>Assigned to: Magistrate Judge Nathanael M. Cousins |

Plaintiff Harro Moen, proceeding pro se, responds to the Court's October 28, 2026 Order (ECF 69). The accompanying Declaration of Harro Moen ("Decl.") and Plaintiff's earlier declaration (ECF 64-1) provide the supporting facts. Plaintiff personally investigated the factual allegations and prepared the proposed pleading material, but relied on retained counsel to verify legal authorities, finalize filings, and comply with federal procedure. He never spoke directly with attorney Mario Tafur about his case (Decl. ¶ 2).

**PRELIMINARY RULE 11 OBJECTIONS**

Plaintiff renews the procedural objections stated in ECF 64. To the extent sanctions are sought on Defendants' motion, Rule 11(c)(2) requires service of the motion and a 21-day opportunity to withdraw or correct the challenged paper before filing. Defendants threatened sanctions by email in February 2026 (ECF 43-5) but never served a safe-harbor motion, and sought sanctions only after judgment (ECF 58, 62). The Ninth Circuit enforces the safe harbor strictly and reverses sanctions awarded without it, "even when the underlying filing is frivolous." *Holgate v. Baldwin*, 425 F.3d 671, 677–78 (9th Cir. 2005); *Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir. 1998). A court-initiated Rule 11(c)(3) proceeding is distinct, and the Ninth Circuit applies particular

stringency to such sanctions. *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115–18 (9th Cir. 2001). The Court also addressed the citation issues by admonishment in March 2026 (ECF 44).

The PSLRA's Rule 11 review does not displace Rule 11(c)(5)(A), which prohibits monetary sanctions against a represented party for a violation of Rule 11(b)(2) concerning legal contentions. *See Mitchel v. City of Santa Rosa*, 601 F. App'x 466 (9th Cir. 2015) (unpublished). Plaintiff did not supply the challenged *Kelly v. Coinbase* citation or Terms of Service quotations (Decl. ¶ 9). These protections do not eliminate his separate responsibility for factual contentions, which he addresses below.

## I. PLAINTIFF'S FACTUAL INVESTIGATION

Plaintiff investigated the events beginning in late 2022, traced token transfers using Pi Network's public ledger, submitted support tickets, contacted exchanges about the December 2022 listings, and reviewed relevant public records. Before filing, he answered three sets of written questions, supplied hundreds of organized evidence files, and continued providing updated analysis through approximately October 2025. *See* Decl. ¶¶ 3–5; ECF 64-1 ¶¶ 2–10. Each fact Defendants challenge rests on a document in the record (Decl. ¶ 15). The dismissal order recounts the core facts that inquiry produced, that 5,137 of his tokens "were transferred from his wallet without authorization" to "a wallet created by Defendants" (ECF 52 at 2), and the Court dismissed on pleading grounds, not for lack of factual support.

## II. PLAINTIFF'S REVIEW AND APPROVAL OF THE COMPLAINTS

**Original Complaint (ECF 1).** Counsel sent Plaintiff a revised draft in August 2025, and he asked for a complete revision incorporating his evidence. Counsel's office told him the complaint had already been filed and that any changes could be made by filing another complaint (Decl. ¶ 6). Plaintiff was not aware of the first motion-to-dismiss briefing (ECF 23, 24, 28) until

counsel sent it to him after briefing had closed, two days before the Court's order (ECF 29) (*id.* ¶ 7).

**First Amended Complaint (ECF 31).** Plaintiff gave counsel his own draft and an evidence compilation. On February 4, 2026, he objected in writing that counsel's draft did not use them; counsel never explained why (Decl. ¶ 8).

**Second Amended Complaint (ECF 32).** Plaintiff did not know of the citation and quotation errors, or of counsel's emails about them, when ECF 31 and 32 were filed. Opposing counsel raised the errors with Mr. Tafur and his paralegal on February 9, 2026; on February 11, Mr. Tafur admitted them and filed ECF 32 to correct them (ECF 43-5). Plaintiff did not know of that filing; when he learned of it, counsel's office called it an evidence submission. He did not review or approve it and first saw the February 9–11 emails on March 24, 2026 (Decl. ¶¶ 10–11).

**Third Amended Complaint (ECF 36).** Plaintiff wrote the TAC and sent it to counsel on March 10, 2026. On March 11, he asked counsel to hold off filing until he could review it. Counsel filed it that day, before he approved it, and counsel's office told him that, if need be, counsel could file another complaint (Decl. ¶ 12).

## CONCLUSION

Plaintiff conducted a reasonable inquiry into the facts and relied in good faith on counsel for legal authority. Plaintiff respectfully requests that the Court find he complied with Rule 11(b) and decline to impose sanctions on him. To the extent the Court finds any violation, the record shows it arose from counsel's drafting and filing decisions, not from Plaintiff's factual inquiry.

Dated: November 10, 2026

Respectfully submitted,

/s/ Harro Moen
Harro Moen
Plaintiff in Pro Per