FOLSOM JACKSON O'MALLEY LLP
KENNETH P. NABITY (Bar No. 287927)
ESMERALDA MENDOZA (Bar No. 362617)
500 Capitol Mall, Suite 1550
Sacramento, CA 95814
Telephone: (916) 661-5700
Facsimile: (916) 661-5701
knabity@folsomjackson.com
emendoza@folsomjackson.com

Attorneys for Defendants
SOCIALCHAIN INC., PI COMMUNITY COMPANY,
NICOLAS KOKKALIS, and CHENGDIAO FAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRO MOEN, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, CHENGDIAO FAN, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:25-cv-09145-NC<br><br>Assigned for all purposes to Magistrate Judge Nathanael M. Cousins<br><br>Complaint Filed: October 24, 2025<br>Trial Date: None Yet Set<br><br>**DEFENDANTS SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, AND CHENGDIAO FAN'S REPLY TO PLAINTIFF HARRO MOEN'S RESPONSE TO ORDER REGARDING INVESTIGATION AND REVIEW OF COMPLAINTS** |

**DEFENDANTS' RESPONSE**

Following an initial round of briefing, this Court ordered Plaintiff Harro Moen and his former attorney, Mario Tafur, to file responses, by November 10, 2026, addressing two issues: "(1) Moen or Tafur's role in investigating the facts underlying the complaints," and "(2) Moen's review or approval of the complaints." (ECF 69.) Mr. Tafur disregarded the Court's Order and did not respond. Plaintiff Moen's response tries, but fails, to avoid directly answering the Court's inquiries, choosing instead to attack Mr. Tafur to save himself. Critically, however, Plaintiff Moen's submission confirms that Mr. Tafur filed pleadings without conducting an adequate inquiry and that Plaintiff Moen materially participated in developing the factual allegations.

Defendants have already detailed how all pleadings violated Rule 11(b) based on factual frivolousness, legal frivolousness, and improper purpose. (See, e.g., ECF 43, 58, 62.) Plaintiff Moen's latest submission confirms that Mr. Tafur and Plaintiff Moen both failed to comply with Rule 11(b), and thus this Court should apportion sanctions against both.

**I. Plaintiff Moen's Response Establishes That He and His Former Attorney Violated Rule 11(b).**

First, there is no evidence in the record that Mr. Tafur conducted any investigation, much less a reasonable one, into the facts or legal contentions presented. Based on the numerous, verifiably false assertions and inapplicable, sometimes hallucinated, authority, the only reasonable conclusion to be drawn is that every pleading Mr. Tafur signed violated Rule 11(b), as did all attempts to advocate for those pleadings. Plaintiff Moen's sworn declaration makes things worse for Mr. Tafur in every respect. Plaintiff Moen states that he "never spoke to Mr. Tafur about my case" during the approximately 20 months of representation, that Mr. Tafur did not share, or simply hid, relevant case developments from him, and that Mr. Tafur filed the Third Amended Complaint the day after Plaintiff Moen prepared and sent it.

Second, though Plaintiff Moen faults Mr. Tafur for deficiencies in the pleadings, Plaintiff Moen confirms his involvement at virtually every step. Plaintiff Moen admits that he reviewed multiple "drafts" of the original complaint prepared by counsel. (ECF 70-1 ¶¶ 3, 6 (referencing another "revised draft complaint").) Plaintiff Moen does not suggest that Mr. Tafur alleged any

facts contrary to what Plaintiff Moen provided or contended. Rather, Plaintiff Moen suggests that Mr. Tafur failed to incorporate certain evidence, yet fails to identify what evidence Mr. Tafur failed to incorporate or how it would change the analysis here. Stranger still, Plaintiff Moen states that he, not counsel, "prepared the proposed pleading material" (without specifying which one(s)) and that he, not counsel, drafted the Third Amended Complaint. (ECF 70 at 1 & 3.)

Third, as to the issue of improper purpose, there is nothing in the record from Plaintiff Moen or Mr. Tafur to explain or justify the extortionate, pre-litigation demand letter or embedded threats and outrageous demands in the complaints, which establish that all pleadings were presented for an improper purpose in violation of Rule 11(b). And, despite being provided the opportunity on two occasions, Plaintiff Moen does not contend that the letter from Mr. Tafur deviated from his stated goals or interests, that he was unaware of the threats contained therein, or that Mr. Tafur lacked authority to make a $10 million dollar demand on his behalf. The Court should conclude that Plaintiff Moen and Mr. Tafur collaborated to bring this action, and submit all pleadings, based on improper purpose in violation of Rule 11(b).

## II. The Court Should Apportion Sanctions Against Both Plaintiff Moen and Mr. Tafur.

Consistent with the language of the Private Securities Litigation Reform Act of 1995, the Court "shall include in the record specific findings regarding compliance *by each party and each attorney* representing any party *with each requirement* of Rule 11(b) . . . ." 15 U.S.C. § 78u-4(c)(1) (emphasis added).[1] If the Court concludes that "any complaint" substantially failed to comply with *any requirement* of Rule 11(b), the Court "shall" presume that the appropriate sanction is "an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action." 15 U.S.C. § 78u-4(c). Defendants submit that the presumed award here must include all attorneys'

[1] The language of the PSLRA thus requires that the Court evaluate whether a represented party violated Rule 11(b)(2), notwithstanding Rule 11's separate prohibition against imposing monetary sanctions against a represented party for such violation. Because Defendants contend that the complaints violate three different provisions of Rule 11(b), and thus monetary sanctions are available against both Mr. Tafur and Plaintiff Moen, the Court need not reach the question whether the PLSRA's language displaces Rule 11(c)(5)(A).

fees and expenses incurred since the filing of Plaintiff's Complaint, which Defendants are ready to substantiate with a motion for attorneys' fees and costs.

As to apportionment, Mr. Tafur's non-compliance with Rule 11(b) merits a larger apportionment of any monetary sanctions than Plaintiff Moen's. Mr. Tafur is a licensed attorney, Plaintiff Moen is not, and that should matter. But Plaintiff Moen is far from a hapless victim here, having heavily participated in the pleadings and now continuing the campaign with a frivolous appeal. Based on the foregoing, Defendants propose that the Court apportion 75% of any monetary sanctions against Mr. Tafur and Bulldog Law, P.C., jointly and severally, and 25% of any monetary sanctions against Plaintiff Moen.

DATED: November 17, 2026

FOLSOM JACKSON O'MALLEY LLP

By: */s/ Kenneth P. Nabity*
KENNETH P. NABITY
ESMERALDA MENDOZA
Attorneys for Defendants
SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, and CHENGDIAO FAN

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Folsom Jackson O'Malley LLP, 500 Capitol Mall, Suite 1550, Sacramento, California, 95814. On November 17, 2026, I served the within document(s):

**DEFENDANTS SOCIALCHAIN INC., PI COMMUNITY COMPANY, NICOLAS KOKKALIS, AND CHENGDIAO FAN'S REPLY TO PLAINTIFF HARRO MOEN'S RESPONSE TO ORDER REGARDING INVESTIGATION AND REVIEW OF COMPLAINTS**

---

☒ **BY EMAIL:** by transmitting via electronic delivery the document(s) listed above to the email address.

☐ **BY HAND:** by personally delivering, or causing to be personally delivered, the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

BULLDOG LAW, P.C.
Mario Tafur, Esq. (Bar No. 329899)
500 N. Central Avenue, Ste. 610
Glendale, CA 91203
Telephone: (949) 649-3007
E-mail: mario@thebulldog.law
jenniferm@thebulldog.law

*Previous Counsel for Plaintiff* **HARRO MOEN**

Harro Moen
22603 North Gibson Dr
Maricopa, AZ 85139 - 8840
Telephone : (520) 213-7503
Email: harromoen@gmail.com

PRO SE

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on November 17, 2026, at Sacramento, California.

Yesica Lopez